In the Matter of an Application by KEARN J. MULLEN, as Foreman of the Grand Jury for the September, 1940, Term of the County Court, for an Order Adjudging ERNEST BLOCK Guilty of Contempt of Court.

County Court, Queens County. May 6, 1941.

*John J. Bennett, Jr., Attorney-General,* and *John Harlan Amen, Assistant Attorney-General [Milton D. Lifset* and *John M. Murtagh, Assistant Attorneys-General,* of counsel], for the grand jury.

*Littleton & Levy [George Morton Levy* of counsel], for Ernest Block.

COLDEN, J. An application was made to this court by Kearn J. Mullen, as foreman of the grand jury of the county of Queens, for the September, 1940, term of this court, which term has been continued, for Ernest Block to show cause why he should not be adjudged guilty of a criminal contempt of court, for contumacious and unlawful refusal, after being sworn as a witness, to answer legal and proper interrogatories and questions, and punish him therefor. Said order to show cause was signed, was served upon Mr. Block, and on the return day he appeared in person and with counsel. Counsel raised oral objections to the jurisdiction of the Attorney-General, by way of a preliminary motion to dismiss the application. Upon stipulation of counsel, briefs were to be submitted today (Tuesday, May 6, 1941), and in the event that the challenge to the jurisdiction be overruled, the hearing on the order to show cause is to be heard subsequently. Briefs have been submitted and have been considered by this court.

In the briefs submitted by counsel for Mr. Block two points are raised, *first*, the sufficiency of the moving papers upon which the order to show cause was granted are challenged, and *second*, the jurisdiction of the Attorney-General is challenged.

As to the first point raised, the moving papers are sufficient. They allege that Ernest Block is deliberately and willfully attempting to hinder and delay the investigation by the grand jury into violations of the General Business Law and the commission of other crimes by Carbloc Paving Corporation and its officers. They further allege that such willfulness has been premeditated, and is the result of a determined effort on the part of said Ernest Block to protect from prosecution other officers and employees of said corporation and other persons who have acted jointly with him and other officials and employees in the commission of violations of the General Business Law by said corporation and its officers, and of various other crimes. As to this point, the preliminary objection is overruled.

As to the second point, it appears that John Harlan Amen was appointed an Assistant Attorney-General of the State of New York by Hon. Herbert H. Lehman on October 24, 1938, and was reappointed by a subsequent order of the Governor on January 6, 1939, with power to investigate and conduct criminal prosecutions in connection with violations of the General Business Law. On July 1, 1940, the Hon. John J. Bennett, Attorney-General of the State of New York, specifically authorized and directed Mr. Amen and his staff " to investigate and prosecute all persons who have committed such offenses in the County of Queens in connection with contracts for the construction of public highways and sewers." The words " such offenses " refer to violations of sections 340 and 341 of the General Business Law. Assistant Attorney-General Amen and his assistants have conducted such investigations with the aid and through the medium of the September, 1940, grand jury, and various indictments have been returned in connection therewith. It is claimed that in the course of such investigations other crimes have been indicated as a result of the testimony had before the grand jury. It is the contention of counsel for the witness Block that it is improper for the Attorney-General to ask questions with reference to these other crimes, and, generally, that the grand jury must narrow its investigation so as to include only violations of the General Business Law and exclude testimony with reference to other crimes. The following quotation is taken from the brief submitted on behalf of the witness Block: " It is obvious from the nature of the questions asked that the Attorney-General was seeking to ascertain whether public officials have been bribed in connection with paving contracts. Since the Grand Jury was supposedly investigating violations of the General Business Law, such testimony was wholly irrelevant of the investigation being conducted."

In the brief submitted by counsel for Mr. Block it is also stated: " If, as suggested by questions asked by the respondent, bribes were paid to public officials in Queens County by Carbloc Paving Corporation, or any of the other paving contractors involved, it is a matter solely for the District Attorney of Queens County. It is not a proper subject for inquiry by the Attorney-General."

Neither side has approached the issue which is involved in the application before the court. We are not concerned with the limitation of the powers of the Attorney-General to the point suggested by the respondent. It would be a strange situation if a grand jury were to be estopped from investigating crime in this county because of any technical limitation of the authority of the Assistant Attorney-General. That question may properly be

presented should the Attorney General attempt to prosecute the trial of any indictments returned by the grand jury for crimes not embraced within the scope of his appointment.

The September, 1940, grand jury of the county of Queens has authority under section 252 of the Code of Criminal Procedure, and it is their duty, to inquire into all crimes committed or triable in the county of Queens, and to present them to the court. Our Code further provides, under section 259, that if a member of the grand jury knows, or has reason to believe, that a crime has been committed, which is triable in the county, he must declare the same to his fellow-jurors, who must thereupon investigate the same. Certain it is, that if the Attorney-General, in the course of his investigation of violations of the General Business Law, has disclosed, or is attempting to disclose, the commission of other crimes in this county, it is the duty of the grand jurors, under their oaths, to investigate such crimes.

Furthermore, there is a specific direction found in section 260 of the Code of Criminal Procedure, which provides: " The grand jury must inquire * * * into the willful and corrupt misconduct in office, of public officers of every description in the county."

There appears to be also a misconception as to the theory that the investigation is something which is limited to either the Attorney-General or the district attorney. The fact of the matter is that the right of the grand jury to investigate is a right which is wholly theirs. True, the grand jury may call in to assist them the district attorney or his qualified assistants or the Attorney-General or his qualified assistants, or they may seek the advice of the court. But, on the other hand, the grand jurors are perfectly free, and it is their right, to investigate fully, without hindrance, any criminal charge which may be presented to them.

This present proceeding is brought before the court, not by the Attorney-General, and not by the district attorney; it is an application presented through the foreman of the September, 1940, grand jury, and must be so considered.

The objections of the respondent are overruled. The hearing will be had before this court on Thursday morning, May 8, 1941, at ten-thirty o'clock.