THE PEOPLE OF THE STATE OF NEW YORK ex rel. SCOTT E. NORTH, Respondent, against ALBERT W. SKINNER, Defendant, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, November 7, 1952.

*Glenn L. Buck* for respondent.

*Clarence J. Henry, District Attorney* (*John C. Little* of counsel), for appellant.

WHEELER, J. Relator has been rearrested under a warrant issued upon a new information laid after the dismissal of a prior information during a trial upon identical charges arising out of the same set of facts. His application for a writ of habeas corpus is founded upon the alleged violation of his constitutional right to be not twice jeopardized for the same offense. (N. Y. Const., art. I, § 6.)

After the trial upon the prior information had been started and testimony taken, an obvious typographical error was discovered in the affidavit in support of the information, creating a discrepancy between the information proper and the supporting affidavit as to the date upon which the purported offenses were committed. Relator objected to amendment of the information and his motion to dismiss the same was granted, the court making it clear that the dismissal was because of " inconsistencies, defects appearing on the face of the information."

Upon these undisputed facts we do not find double jeopardy. The relator cannot now, having obtained the dismissal of the first information at his own insistence, be heard to say that he was placed in jeopardy because he was put to trial upon a valid information. (*King* v. *People,* 5 Hun 297; *People* v. *Meakim,* 61 Hun 327, affd. 133 N. Y. 214; *People ex rel. Weiner* v. *Warden of City Prison,* 237 App. Div. 28; *People ex rel. Stevens* v. *Warden of City Prison,* 35 N. Y. S. 2d 498; 22 C. J. S., Criminal Law, § 277.) *People ex rel. Meyer* v. *Warden* (269 N. Y. 426) is not to the contrary; the general rule enunciated therein is particularly applicable to the facts of that case, and is, further, based upon the assumption of a valid charge. Moreover, the accused in the *Meyer* case neither instigated, took part in nor consented to any of the proceedings which voided the conviction on the first information.

There has been no trial upon the merits, nor, indeed could there have been any, in view of relator's motion. He has persuaded the trial court that the information was defective, sufficiently so as to warrant its dismissal without a hearing upon the merits. In order to sustain his position upon this proceeding he is forced into the inconsistency of having objected previously to the information as insufficient, while now insisting that, as an element of the plea of double jeopardy, his rights and interests were jeopardized by trial for the same charge upon a previous valid information. He cannot be right both times.

To permit an accused to thus play fast and loose with the courts is to invite insistence upon technicalities and afford the accused a simple opportunity to escape a trial upon the merits

of the charges against him. While the courts jealously guard the constitutional protection afforded the individual from an overzealous or unscrupulous prosecutor, justice does not demand we transform the shield into a sword.

The order should be reversed on the law, without costs, the writ dismissed, and the relator should be remanded to the custody of the Sheriff of Monroe County.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER and WHEELER, JJ.

Order reversed on the law, without costs of this appeal to any party, writ dismissed, and relator remanded to the custody of the Sheriff of Monroe County.