Howard T. Hogan, J.
The petitioner herein prays for an order requiring the District Attorney of Nassau County to present to the Grand Jury facts allegedly constituting a crime which was committed by Mary M. Prentice, the former wife of the petitioner.
It is alleged that on March 4, 1958 the petitioner, after a contested habeas corpus proceeding, was awarded the custody of his son by Mr. Justice Hill in a memorandum decision. An order was entered on that decision on March 10, 1958. Prior to the entry of the order but allegedly subsequent to and with knowledge of the decision, the wife, who theretofore had lawful custody of the child, removed the child from the Syosset school which he was attending and disappeared with the child. Immediately after ascertaining that the wife and child had disappeared the petitioner and his attorneys requested an investigation of the matter by the District Attorny. The latter referred the petitioner to the Police Department for investigation of the complaint. Efforts by the police to locate the two missing persons were unsuccessful. Subsequently it was learned that the mother and child were in the State of California. A certified copy of the order of Mr. Justice Hill was served personally on April 24, 1958 upon the mother in California, but she has refused to return with the child.
The petitioner alleges that he has urged the District Attorney’s office on several occasions to pursue the matter on a criminal basis. The first request was made after the Nassau County Police had failed to locate the missing persons. The respondent allegedly declined to proceed because a copy of *281 Mr. Justice Hill’s order had not then been served personally upon the mother. After the service upon her in the State of California, the petitioner again requested action by the District Attorney, but was allegedly told that the file was closed in the case and no further action would be taken.
The respondent in his answer as a defense to the application pleads that as no copy of the order had been served upon the mother before she left New York State, and no proof was obtained that the mother had actual knowledge of the memorandum decision released by Mr. Justice Hill on the same day that she departed with the child, it was his belief that the evidence to sustain an indictment for kidnapping was insufficient to warrant a submission of the matter to the Grand Jury. The respondent also pleads that he advised the petitioner that the latter was possessed of sufficient funds to pursue his civil remedies in the State of California and also it was the respondent’s experience in similar eases that the authorities of other States refused to extradite parents on charges of kidnapping their own children.
This proceeding is in the nature of an application for an order of mandamus. It is well settled that mandamus will be denied in the absence of a clear legal right to the relief sought.
The District Attorney is a constitutional officer (N. Y. Const., art. IX, § 5). He is subject to removal by the Governor. His duties are not set forth in a single statute. Section 700 of the County Law provides in part that * ‘ It shall be the duty of every district attorney to conduct all prosecutions for crimes ” committed in the county for which he has been elected. However, that provision does not require him to present evidence to the Grand Jury if in his discretion he believes sufficient evidence does not exist for an indictment. He is a quasi-judicial officer (Matter of McDonald v. Goldstein, 273 App. Div. 649). The exercise of judicial discretion may not be interfered with by the court (People ex rel. Lindgren v. McGuire, 151 App. Div. 413). As recently stated by the Court of Appeals: “ the District Attorney of a county, familiar with the conditions there and responsible to the People of the county, has the duty of recommending to the Grand Jury indictment for the crime or crimes which the protection of the community requires and we are not here to determine that for him.” (People v. Florio, 301 N. Y. 46, 53. Emphasis supplied.)
Therefore, as the petitioner has shown no clear legal right to the relief sought and as the determination made by the respondent involved an exercise of his discretion, this court must deny the application.
*282 This decision does not imply that an indictment may not be found unless the District Attorney presents the evidence to the Grand Jury. Section 245 of the Code of Criminal Procedure empowers the Grand Jury to inquire into all crime committed in the county, and section 252 requires any member of the Grand Jury who knows or has reason to believe that a crime has been committed to “ declare the same to his fellow jurors, who must thereupon investigate the same.” As stated in People v. Besser (207 Misc. 692, 695-696): “ Its jurisdiction is not dependent upon the district attorney calling the matter to its attention. (People ex rel. Hummel v. Davy, 105 App. Div. 598, 601, affd. sub nom. People ex rel. Hummel v. Trial Term, 184 N. Y. 30; Matter of Morse, 42 Misc. 664; Hale v. Henkel, 201 U. S. 43.) ”
The Grand Jury may request the assistance or advice of the District Attorney or of the court (Code Grim. Pro., §§ 255, 256), but they are “ perfectly free, and it is their right, to investigate fully, without hindrance, any criminal charge which may be presented to them.” (Matter of Mullen v. Block, 176 Misc. 442, 445.) While a Justice of the Supreme Court may advise the Grand Jury, he may not hold an inquisition for the purpose of securing evidence to send to the Grand Jury. To the Grand Jury alone is given the power of investigation. (Matter of Both, 200 App. Div. 423, 426.)
It would be the height of naivete to presume that the petitioner’s wife did not know, or at least anticipate, that the decision in the custody proceeding would be adverse to her and that her flight to California was intended for no purpose other than to place the order of the trial court at naught. By her action she has made a mockery of justice and the process of this court issued after a trial which consumed two full days and entailed the calling of 12 witnesses, and an investigation by the Probation Department.
Settle order on notice.