Per Curiam.

Since the respondent Bishop was never placed in jeopardy of conviction for the crime of carnal abuse as a felony, subjecting him to trial for such offense will not constitute double jeopardy. When the respondent sought and obtained an order vacating the 1937 judgment of conviction—on the strength of which he was charged in the 1960 indictment with the felony of carnal abuse — any and all danger of his being convicted of such crime upon the trial of that indictment was eliminated. In other words, by procuring the vacatur of the earlier judgment, the respondent rendered his conviction of the felony impossible as a matter of law and, consequently, the trial judge’s dismissal of the felony charge at the close of the People’s case, rather than constituting a dismissal of that charge on the merits, simply reflected and confirmed the then existing situation. When, therefore, the order vacating the 1937 judgment was reversed on appeal (People v. Bishop, 14 A D 2d 376, affd. 11 N Y 2d 854) and that conviction was reinstated, the People were (and are) free to proceed against the respondent — after the trials on the 1960 indictment had terminated in disagreement and mistrials—upon a superseding indictment charging the respondent with carnal abuse as a felony.
The order appealed from should be reversed and the petition dismissed.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Scileppi concur; Judge Bergan taking no part.
Order reversed, etc.