Morris Schwalb, J.
The uncontroverted question presently before the court is whether or not a misdemeanor may be restored to the calendar for trial after having once been dismissed on motion of the District Attorney.
Under the old 'Code of Criminal Procedure (§ 673) the question was apparently resolved in the negative. The section stated,
‘ ‘ An order for dismissal of an action, as provided in this chapter, is a bar to another prosecution for the same offense, if it be a misdemeanor; but, except as provided in section six hundred sixty-nine-a hereof, it is not a bar, if the offense charged be a felony.”
In compiling the new Criminal Procedure Law this section was not perpetuated. The CPL is silent regarding the reinstituting of a misdemeanor prosecution subsequent to dismissal. In dealing with a felony prosecution, this facet is considered in CPL 210.20 where authority to restore a felony prosecution after dismissal, by resubmitting to the Grand Jury, is preserved by authorization of the court in its discretion.
The presumption manifestly appears that the Legislature intentionally omitted to continue the apparent prohibition contained in section 673 of the Code of Criminal Procedure, and under the CPL will permit the restoration of a misdemeanor. The solitary consideration now applicable is whether double jeopardy is involved in the restoration of the misdemeanor. *764 This is quickly resolved by GPL 40.20 and 40.30 as well as by case law. Where a trial was never commenced by the swearing of a witness, jeopardy does not attach.
In addition thereto, section 673 of the old Code of Criminal Procedure was held not to bar the restoration of the same criminal complaint to the calendar after dismissal. In People v. Botazzi (68 Misc 2d 106) the court interpreted the legislative intent of the words “another prosecution ” to prohibit additional prosecution on the same facts, or a different complaint being instituted. It did not prohibit a restoration of the dismissed complaint.
Accordingly, for the reasons stated above, the motion to restore the misdemeanor to the calendar for trial is granted.