Harold E. Collins, J.
At the time of the hearing held pursuant to order of this court, dated April 1,1974, the defendants, orally moved to expand the speedy trial hearing to include testimony regarding preindictment delay. As a result of the court’s decision of June 21, 1974, the hearing thereafter continued and included testimony of the events occurring prior to the instant indictment. The hearing concluded on August 1, 1974.
As stated in the June 21 decision, the issue before the court concerning preindictment delay was whether or not the Fifth Amendment requirements of due process mandated the dismissal of the instant indictment. The test to be applied by the court was one of balancing the interests of the parties in order that the interests of justice be served.
Tn a criminal prosecution of this nature, the court finds itself balancing the interests of the State in preserving rights of its citizens as individuals as against those collective rights of its citizens in the effective and efficient administration of the criminal law.
*671 The testimony elicited during the final days of the hearing demonstrated that the prosecution felt constrained in expediting its investigation, which began on July 20, 1970 by complaint of Edward Sowinski against the defendants, until a civil suit then pending in the Supreme Court and dealing with the subject matter at bar reached conclusion. The facts and circumstances of the initial real estate transaction occurring in July and August of 1966, as well as facts subsequent to that initial transaction, became available, according to the People, by means of the testimony of Jay Kapin, a civil codefendant of Miltoh Berlin and the Westnau Corporation, during the course of the civil trial. The decision regarding the civil suit was rendered on December 14,1971.
It should be noted that Kapin had been indicted on October 8, 1970, for a larceny concerning the theft of real property unrelated to the matter at bar. In early January, 1972, Kapin pleaded guilty to his indictment. Apparently only after Kapin pleaded to his own indictment did he give a formal statement to the District Attorney’s office concerning Berlin and the Westnau Corporation in the Sowinski transaction.
It is true that it is the prerogative solely of the District Attorney to determine when he is in possession of sufficient facts which would justify a presentation to a grand jury. The District Attorney is not required to present evidence to a grand jury if in the exercise of his discretion he does not believe sufficient cause for indictment exists. (Matter of Prentice v. Gulotta, 13 Misc 2d 280.)
If the appropriate means are available, however, for ascertaining the facts necessary to arrive at a judgment, reasonably prompt and expeditious action should be undertaken in order to" avoid the possibility of prejudicial preindictment delay. Viewed in the perspective of the over-all history of this proceeding, it remains unclear as to why the subject matter at bar could not have been presented to a grand jury before the culmination of the civil action and the consequent statement of Kapin in January, 1972. In addition, the record does not reflect that the District Attorney anticipated any additional evidence to be uncovered during the subsequent period from January, 1972 until the presentment and hand-up in March, 1973.
The resultant additional 14 months’ delay, when considered together with the length of the preindictment investigation and the intervening civil action, would not appear to be reasonable and justifiable under the circumstances apparent in this matter.
*672 If a delay in beginning prosecution causes substantial prejudice to the defendants’ rights to a fair trial and the District Attorney does not show that the delay is justified by some public need, dismissal of the indictment may be required. (United States v. Marion, 404 U. S. 307.) The requirements of the due process clause of the Fifth Amendment to the United States Constitution mandate this result.
While, as noted in Marion (supra), the mere passage of time alone does not constitute actual prejudice, in view of the availability of statutes of limitations, it is pertinent to make certain observations with regard to the historical events in this matter for the purpose of their cumulative effect on the issue in question.
As indicated previously, the initial transaction, pursuant to which the complainant Sowinski deeded the property to the defendants or their representatives, occurred in or about August, 1966. The .indictment, dated March 16, 1973, accuses the defendants of larceny of this real property on or about the first day of July, 1968 to the date of the indictment. The records of the court reveal that the basis for the alleged larceny is a refusal tó reconvey the property in July, 1968. The records further reveal that whatever rights Sowinski possessed for reconveyance arose as the result of certain alleged representations made at the time of the initial transaction in 1966.
In 1966, at a time when the former Penal Law was in effect, larceny of real property was not a crime and the defendants have consistently raised this issue during the course of the instant proceeding. Whether or not the defendants’ contention is meritorious in relation to the sufficiency of the indictment, the fact remains that testimony will be required of conversations and events which took place more than six and one-half years prior to the return of the indictment and at a time when" the defendants could not have been prosecuted for the instant crime. The revised Penal Law’s definition of “property” expanded the scope of the crime of larceny beyond that as existed in the former Penal Law. (See Denzer’s and McQuillan’s Practice Commentary following Penal Law, § 155.00 [McKinney’s Cons. Laws of N. Y., Book 391, Penal Law, p. 409].) The court is. not unmindful of the argument that the deláy in prosecution has, therefore, resulted in a technical advantage to the prosecution.
Coupled with the fact that the memories of witnesses become hazy after such a long period of time, files relating to events become inaccessible, and evidence after many years becomes *673 unavailable, the inordinate preindictment delay becomes significantly meaningful from the standpoint of the defense to be offered in behalf of the defendants indicted at least four years and. seven months after the alleged larceny under the revised Penal Law and therefore five months prior to the expiration of the period of limitations relating to this newly enacted crime.
On the record before the court the cumulative effect of the facts and peculiar circumstances surrounding this case, in the view of this court, amounts to inherent and substantial prejudice to the defendants in any attempt to defend this prosecution.
Certainly in applying the balancing test as suggested in United States v. Marion (404 U. S. 307, supra), it appears to the court that the immoderate delay as it affects the due process rights of the defendants outweighs any demonstrated public need for such delay in this particular matter. Therefore, in the interests of justice the indictment is dismissed..