OPINION OF THE COURT
Luigi R. Marano, J.
The defendant moves for an order dismissing the indictment pursuant to CPL 210.20 (subd 1, pars [a], [h], [i]) contending that the court does not have the jurisdiction of the charged offense, that the defendant has been denied due process, and that dismissal is required in the interest of justice.
On September 7, 1978, the defendant was charged with robbery in the first degree; criminal possession of stolen property in the third degree; and criminal possession of a *380 dangerous weapon in the fourth degree. Rodriguez was arraigned on September 7, 1978 and the case was adjourned to September 11, 1978 for a felony hearing and removal hearing to the Family Court.
On September 11, 1978, the felony hearing was adjourned at the District Attorney’s request. At the defendant’s request, and over the objection of the District Attorney, the Judge conducted a removal inquiry in which the District Attorney did not participate. Evidence was taken from a legal aid social worker, and the Criminal Court Judge directed the case be removed to the Family Court pursuant to CPL 180.75 (subd 4, par [a]).
On September 18, 1978, defendant was scheduled to be arraigned in Family Court. At the request of the District Attorney for additional time for an investigation the case was adjourned to October 4, 1978. An indictment was filed by the Grand Jury on September 28, 1978.
At the arraignment on October 4, 1978 in Family Court, the petition was withdrawn at the request of the District Attorney and was dismissed without prejudice to renew pending the outcome of this motion (Heller, J.).
The defendant contends that the removal order of the Criminal Court Judge divests the Grand Jury of its power and duty to indict for felonious criminal activity. He further contends that the indictment of defendant in Supreme Court following the removal of his case to Family Court deprived him of due process of law and that he has the right to be treated as a juvenile.
The People contend that absent a clear and explicit constitutional or legislative proscription, the power and duty of the Grand Jury to indict for criminal activity cannot be curtailed and the defendant was not deprived of due process of law by the filing of a legally sufficient indictment.
The Legislature has made certain juveniles subject to criminal sanction for specified felonies (Penal Law, § 10.00, subd 18; § 30.00, subd 2). Robbery in the first degree is specifically covered by these sections. The juvenile offender is processed through the criminal court system (CPL 180.75, 190.55, 190.60) and removal to the Family Court is provided for in certain situations where facts meriting removal are demonstrated (CPL 180.75, 190.71, 220.10, 310.85, 330.25). The Criminal Court Judge, sua sponte, may order removal of a violent felony, such as the case now before this court, if the interests of justice so require (CPL 180.75, subd 4, par [a]).
*381 The Grand Jury has the power to investigate and to indict for an alleged offense prosecutable in the courts of the State (NY Const, art I, § 6; CPL 190.55, subd 1; see, also, CPL 190.05, 190.65). It acts within its own powers and does not derive its authority from any action taken by the judiciary. (People ex rel. Hirschberg v Close, 1 NY2d 258; People v Ackrish, 92 Misc 2d 431.) The powers of the Grand Jury cannot be curtailed or diminished except by constitutional amendment or statutory enactment (People v Stern, 3 NY2d 658). The Grand Jury acts within its own powers and does not derive its authority from any action taken by the judiciary. (People ex rel. Hirschberg v Close, supra.)
There is no express provision in either the Criminal Procedure Law or Family Court Act restraining the powers of the Grand Jury in this case. The Legislature in this instance has specifically stated that the commission of certain violent felonies by juveniles, 14 and 15 years of age, are criminal ab initio. (Penal Law, § 10.00, subd 18; § 30.00.) The Legislature could have given the Family Court exclusive jurisdiction in cases involving juveniles as it did in matters involving activities between members of the same family (Family Ct Act, § 812). This it failed to do.
In the case at bar, the Grand Jury would have had the power to indict the defendant if the Criminal Court Judge had dismissed the complaint. The recent juvenile offender law gives the juveniles no greater right because the Judge removed the case to Family Court rather than dismissing same.
The Criminal Court could not act to supersede the Grand Jury with its power to indict.
There is no merit to the contention of the defendant that he was deprived of due process and that he had the right to be treated as a juvenile. Prior to September 1, 1978, he had to be treated as a juvenile but as the Legislature granted that right, the Legislature took it away and the due process standard is not applicable to prosecutorial decision making. (Woodward v Wainwright, 556 F2d 781; Cox v United States, 473 F2d 334, cert den 414 US 869.)
Here the defendant acquired no automatic right to juvenile treatment by the order of removal, and the defendant has no right to a hearing or counsel on an issue of prosecutorial decision making.
Defendant’s motion to dismiss the indictment is denied.