In the Matter of DOUGLAS W. SENA, Petitioner, v WARREN
E. ZITTELL, as Judge of the County Court of Columbia
County, et al., Respondents.

Third Department, June 18, 1981

### APPEARANCES OF COUNSEL

*Moran, Spiegel, Palmer, Pergament & Brown (Edward
A. Gabel, III,* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Carl Stephan* and
*Shirley Adelson Siegel* of counsel), for Warren E. Zittell,
respondent.

*Charles E. Inman, District Attorney (Allen C. Miller,
Jr.,* of counsel), respondent *pro se.*

### OPINION OF THE COURT

YESAWICH, JR., J.

At about 4:00 P.M. on May 31, 1980, petitioner was the
driver of a vehicle involved in a one-car accident in the
Town of Chatham, Columbia County, New York. A pas-
senger died at the accident scene. That same day, following

an investigation into the circumstances by the Sheriff's Department, simplified traffic informations were issued charging petitioner with driving while intoxicated in violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law and with imprudent speed, all misdemeanors.

In due course, the matter came on for trial before the Chatham Town Court without a jury. Only the driving while intoxicated charges were pursued by the prosecutor. The testimony of the investigating Deputy Sheriff, the prosecution's first witness, revealed that the informations and supporting depositions alleged the offenses had occurred at 7:00 P.M. rather than at 4:00 P.M., to which effect the Deputy Sheriff had testified. Since the petitioner was in fact being treated in the hospital at 7:00 P.M., upon the completion of the deputy's testimony, petitioner moved to have the charges against him dismissed. The court, believing it had no other alternative but to do so, granted the motion.

Petitioner was later indicted by a Columbia County Grand Jury on one count of second degree reckless endangerment, a class A misdemeanor, as a result of the same accident. His petition, seeking to prohibit the trial of that indictment, has as its thesis the claim that trying him on the reckless endangerment charge would violate his constitutional right not to be twice put in jeopardy since the prior charges arising out of the same accident and for which he had already been "prosecuted" (CPL 40.30, subd 1, par [b]) have been dismissed.

Prohibition lies to review double jeopardy claims *(Matter of Di Lorenzo v Murtagh,* 36 NY2d 306). On these facts, however, petitioner is not in danger of being twice jeopardized for the same offense for reprosecution is tolerated whenever a dismissal has been granted on the defendant's motion, if the dismissal did not constitute an adjudication on the facts going to guilt or innocence. And this rule applies even if the dismissal occurs after jeopardy has attached *(People v Key,* 45 NY2d 111, 117).

A trial on the merits of whether petitioner was innocent or guilty of the driving while intoxicated charges never occurred here. The dismissal of these charges was prompted by a technicality, a three-hour discrepancy between the time

alleged in the accusatory instruments and the actual time the purported crimes were committed. Inasmuch as double jeopardy offers no impediment to reprosecution of petitioner on those very same charges (see *People ex rel. North v Skinner*, 280 App Div 611, affd 305 NY 711), prosecution of him for reckless endangerment, a different charge, also is not barred.

Nor does CPL 40.30 (subd 1, par [b]) inhibit the impending prosecution. That the trial court reluctantly dismissed these charges and did so only because it found them technically deficient seems obvious. Nothing in its ruling suggests that the court intended to foreclose the District Attorney in any way from reprosecuting these very same offenses or prosecuting a new offense based on the same conduct. We interpret the trial court's ruling as implicitly authorizing further prosecution, thus bringing this case within CPL 40.30 (subd 4) which allows such a course to be followed.

The petition should be dismissed, without costs.

MAIN, J. P., CASEY, WEISS and HERLIHY, JJ., concur.

Petition dismissed, without costs.