OPINION OF THE COURT
William J. Davis, J.
Defendants are charged with attempted grand larceny in the third degree (Penal Law, §§ 110.00, 155.30)-and with criminal possession of stolen property in the third degree (Penal Law, § 165.40).
Defendants now move for an order dismissing the complaint on the following grounds:
1. that the right to a speedy trial has been denied pursuant to CPL 170.30 (subd 1, par [e]) and 30.30. A careful review of the applicable papers indicates that the People were ready for trial within the time limits set forth in the statute and this branch of defendants’ motion is therefore denied;
2. that such dismissal is required in the interest of justice pursuant to CPL 170.30 (subd 1, par [g]) and 170.40. After a thorough reading of the arguments made in defen-' dants’ affirmation in support of this motion, and after *655 examining and considering, individually and collectively, all of the applicable provisions of the CPL, this court finds that no compelling factors have been presented for consideration, and the motion to dismiss in the interest of justice is hereby denied;
3. that there exists a jurisdictional or legal impediment to conviction pursuant to CPL 170.30 (subd 1, par [f]). This branch of defendants’ motion presents a novel issue for the court’s consideration and warrants further analysis and discussion.
This action was originally commenced by the filing of a felony complaint and defendants were arraigned thereon on March 20, 19.81. The case was then adjourned until April 2, 1981 in order that the defendants might retain private counsel. At the request of defense counsel the case was adjourned until April 28,1981, in order that an offer of “open A misdemeanors” might be considered and to review videotapes taken of the defendants’ alleged criminal acts. The case was marked “final” against the People for that date, but the case was again adjourned until May 14,1981, at which time final markings were extended. During this entire period defense counsel was considering the prosecutor’s offer and was attempting to negotiate a lesser charge. On May 14, 1981, a short adjournment was granted in order that counsel might appear, and on May 15,1981, the case was dismissed for failure to prosecute with sealing to be stayed for 60 days.
After this dismissal, the People decided not to present the charges to the Grand Jury, but, instead, reduced the charges to a misdemeanor. Defense counsel was notified and arrangements were made to have the defendants voluntarily appear before the court. On July 1,1981, a misdemeanor complaint was filed and the defendants were arraigned thereon. On July 16, 1981, supporting depositions were filed; on August 4, 1981 defense counsel served the present motions, returnable on August 13, 1981, and on that date the cases were adjourned to August 26, 1981, at the request of the People.
The basic issues raised in the third branch of defendants’ motion are as follows: whether the court has the power to *656 exercise its discretion in dismissing an accusatory instrument for calendar control purposes; whether the People are barred from filing a misdemeanor complaint, after a felony complaint based on the same underlying charges has been dismissed for calendar control purposes; and whether the defendants’ case is prejudiced where no statutory or constitutional authority prohibits such action.
In this case the People reduced the charges and filed an accusatory instrument in Criminal Court.
It has been held, repeatedly, that where a dismissal for failure to prosecute is based upon the inherent power of a court to control its calendar, there exists no bar to renewed prosecution on the same charge (see People v Bell, 95 Misc 2d 360; People v Nizza, 92 Misc 2d 823; People v Morning, 102 Misc 2d 750).
However, the CPL is silent with regard to barring a renewed prosecution of an accusatory instrument that has been dismissed for failure to prosecute.
As was pointed out in the Matter of Krum v Hogan (69 Misc 2d 656, 657), the court indicated: “Nowhere, however, do these sections, or any other sections in the Criminal Procedure Law, provide that the dismissal of an information is a bar to a new prosecution.” The court held that both the People and the court have the power to restore the case.
These two inherent powers can come into conflict, absent the statutory provisions of CPL 30.30, where the sole basis of dismissal is for calendar control. The People claim that they have the authority to file a misdemeanor complaint in this case because the defendants’ statutory rights have not been infringed upon, and that, absent such an infringement, the court is then free to accept such a filing and to act thereon.
In the absence of any common-law, constitutional or statutory prohibition to the contrary, the District Attorney has the inherent power to reinstitute timely criminal proceedings so long as no prior judicial determination has been made on the merits that would serve to bar further prosecution (e.g., a dismissal due to immunity, double jeopardy, Statute of Limitations, or denial of a speedy trial).
*657 The People should, in every instance, move to refile the reduced accusatory instrument before the original Judge who dismissed the felony complaint for calendar control purposes.
It is the decision of this court that there exists no jurisdictional or legal impediment which would serve to bar the People from proceeding further with the present prosecution, and the third branch of defendants’ motion is therefore denied in its entirety.