■ In the Matter of RAJKO KOPILAS, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. — In a proceeding pursuant to CPLR article 78 to prohibit respondent from reinstating a misdemeanor information against him, petitioner appeals from judgment of the Supreme Court, Queens County (Rotker, J.), dated January 23, 1984, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The petitioner Rajko Kopilas was charged with assault in the third degree. On September 7, 1983, the case of *People v Kopilas* was moved for trial before Judge Pearle Appelman. Immediately prior to trial, the People reduced the aforementioned charge to attempted assault in the third degree, a class B misdemeanor. Although the prosecutor was not required to make an opening statement since the trial was not being conducted before a jury (*see,* CPL 350.10 [3] [a]; *People v Rivara,* 33 AD2d 567), he nevertheless elected to do so. At the conclusion of the opening address, the court, pursuant to a motion by defense counsel, dismissed the information on the ground that the prosecutor failed to assert the necessary element of an intent to injure and thereby failed to state a prima facie case.

Five days later, the People moved to restore the case to the calendar. Judge Appelman granted the motion. Petitioner then commenced the instant proceeding, alleging that Judge Appelman had no power to reinstate the misdemeanor information. His proceeding was dismissed and this appeal ensued.

Petitioner is not entitled to the relief requested since the extraordinary remedy of a writ of prohibition lies only where "there is a clear legal right" to such relief, and "does not lie as a means of seeking a collateral review of an error of law" (*see, Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of Steingut v Gold,* 42 NY2d 311, 315). There is no legal impediment to reprosecution in this case on the ground of double jeopardy (*see, People v Kurtz,* 51 NY2d 380, *cert denied* 451 US 911). An article 78 proceeding is inappropriate since petitioner has an adequate remedy at law (*see, Matter of Nolan v Lungen,* 91 AD2d 1095, *affd* 61 NY2d 788). Thus, the petition was properly dismissed (*see, Matter of Lee v County Ct.,* 27 NY2d 432, 436-437, *cert denied* 404 US 823; *Matter of Krum v Hogan,* 69 Misc 2d 656, 657).

In any case, there is no merit to petitioner's argument that the People's failure to state a prima facie case in their opening address, amounted to a "jurisdictional or legal impediment to conviction" within the meaning of CPL 170.30 (1) (f). If the opening was indeed deficient, the trial court should have permitted the prosecutor to correct its omission (*see, People v Kurtz, supra*), particularly in view of the fact that the opening address was not required. Restoration of the case to the trial calendar was proper in light of the court's inherent power to correct its own errors (*see, People v Bartley,* 47 NY2d 965; *Matter of Lyons v Goldstein,* 290 NY 19, 26). Titone, J. P., Mangano, Weinstein and Kunzeman, JJ., concur.