OPINION OF THE COURT
Ira H. Wexner, J.
The notice of motion of defendant herein charged with a violation of Vehicle and Traffic Law § 1192 (1) (operating a motor vehicle while impaired by the consumption of alcohol) is decided as follows:
Defendant’s motion for an order dismissing the simplified *1069 traffic information pursuant to CPL 170.30 (1) (e) and 30.30 (1) (d) for failure of the People to be ready for trial within the speedy trial time period is set down for a hearing to be held prior to trial to make findings of fact essential to the determination thereof. (CPL 210.45 [6].)
This action was originally commenced on October 16, 1985 by the service of a simplified traffic information for violation of section 1192 (1), operating a motor vehicle while impaired by the consumption of alcohol. A supporting deposition was attached to the Vehicle and Traffic Law § 1192 (1) charge, which was later found to be insufficient on its face. The simplified traffic information was dismissed by this court by an order dated September 3, 1986 due to the jurisdictional insufficiency of the action. The underlying basis for the dismissal was a lack of firsthand knowledge by the deposing witness of the factual allegations surrounding the case. The People have filed a new simplified traffic information charging defendant with the same crime, operating a motor vehicle while impaired by the consumption of alcohol, which occurred on October 16, 1985. The defendant alleges that the new simplified traffic information should be dismissed on the basis of speedy trial since the speedy trial time period for the new simplified traffic information relates back to the time the original simplified traffic information was filed. Accordingly, the defendant concludes that the speedy trial time period on the new simplified traffic information started to run on October 16, 1985, since the original simplified traffic information and any subsequently filed simplified traffic information revolve around the same factual situation and alleged incident.
The court finds that the People must be ready for trial within 30 days from the date of filing of the new simplified traffic information. The speedy trial time period does not relate back to the filing of the original simplified traffic information. The first simplified traffic information was dismissed pursuant to defendant’s motion under CPL 170.30 on the basis of legal insufficiency. The supporting deposition contained hearsay allegations. Accordingly, the People failed to comply with CPL 100.40 (2). The dismissal based on legal insufficiency is a jurisdictional defect. (People v Key, 45 NY2d 111 [1978]; People v Redding, 109 Misc 2d 487 [Crim Ct, NY County 1981].) Accordingly, the criminal action against the defendant terminated with the court order dismissing the simplified traffic information. (CPL 1.20 [16] [c].)
The People’s filing of a second simplified traffic information *1070 on October 22, 1986 commenced a new criminal action against the defendant. (CPL 1.20 [16] [a].) The speedy trial time period begins within 30 days of the commencement of the new criminal action. (CPL 30.30 [1] [d].) A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed. (CPL 1.20 [17].) The second simplified traffic information was not filed in the course of the first criminal action. The first criminal action was terminated by court order because the court had no jurisdiction due to the legal insufficiency of the simplified traffic information. Accordingly, the speedy trial time period on the simplified traffic information filed on October 22, 1986 does not relate back to the date that the first simplified traffic information was filed.
Furthermore, there is no provision in CPL 170.30 barring a new prosecution upon the dismissal of a simplified traffic information. The Court of Appeals held in People v Key (45 NY2d 111 [1978], supra) that reprosecution of the same crime under a new simplified traffic information is permitted whenever dismissal of the first simplified traffic information has been granted on motion by defense, so long as dismissal does not constitute adjudication of facts going to guilt or innocence. (See, People v Morning, 102 Misc 2d 750 [County Ct, Suffolk County 1979].)
The speedy trial time period on the new simplified traffic information commenced on October 22, 1986. A hearing is necessary to make factual determinations as to the time not chargeable to the People pursuant to CPL 30.30 (4) (b) due to defendant’s request or consent to adjournments. Calendar notations that the case has been adjourned at defendant’s request are not binding for purposes of determining whether defendant had been denied his statutory right to a speedy trial. (People v Klaus, 104 AD2d 566 [2d Dept 1984].)