In the Matter of MICHAEL CHANG, Petitioner, v SEYMOUR ROTKER, as Judge of the Criminal Court of the City of New York, et al., Respondents.

Second Department, March 19, 1990

50

APPEARANCES OF COUNSEL

*Schwartz & DiBlasi (Barry A. Schwartz* of counsel), for petitioner.

*John J. Santucci, District Attorney (Gorden S. Latz* of counsel), respondent *pro se.*

### OPINION OF THE COURT

BRACKEN J. P.

■ ■ In this proceeding pursuant to CPLR article 78, the petitioner seeks, *inter alia,* to enjoin the respondent District Attorney from prosecuting an indictment which was filed by a Queens County Grand Jury on March 30, 1989. According to the petitioner, the District Attorney lacks jurisdiction to proceed, because on March 1, 1989, the Criminal Court of the City of New York, Queens County, dismissed a prior accusatory instrument which had been pending in that court and which had included charges factually similar, or identical, to those now contained in the present indictment. The order of the Criminal Court which dismissed that prior accusatory instrument was based on that court's conclusion that the

petitioner had been deprived of his statutory right to a speedy trial (CPL 170.30 [1] [e]; 30.30 [5] [c]). Since neither constitutional nor statutory law precludes a New York State Grand Jury from indicting a suspect on charges which had previously been dismissed by a local Criminal Court pursuant to CPL 170.30 (1) (e), the petition is denied and the proceeding is dismissed.

I

The petitioner Michael Chang was arrested on October 17, 1988, and charged with assault in the second degree, a class D felony (Penal Law § 120.05 [3]). He was also charged with two class A misdemeanors: resisting arrest (Penal Law § 205.30) and obstructing governmental administration in the second degree (Penal Law § 195.05). These charges were originally set forth in a felony complaint, an instrument which "serves to commence a criminal action but not as a basis for prosecution thereof" (CPL 1.20 [8]; see also, CPL 100.10 [5]; 100.05). On October 18, 1988, the petitioner was arraigned upon the felony complaint in the Criminal Court of the City of New York (see, CPL 100.55 [2]; 180.10).

On November 14, 1988, the petitioner's attorney appeared in the Criminal Court. At that time, the Assistant District Attorney made an oral application to the court for an order "reduc[ing] the matter to a misdemeanor complaint [by striking] the charge [based on Penal Law] 120.05 [and substituting a charge based on Penal Law] 120.00". The court responded by transferring the matter to a different "part", and it is apparent that both the parties and the Criminal Court itself took this to mean that the prosecution's application had in fact been granted. However, it does not appear from the copy of the original felony complaint which is contained in the record before us that the accusatory portion of this instrument was modified in any way, and it is thus unclear whether the Criminal Court made the "necessary and appropriate changes" in order effectively to convert the instrument from a felony complaint into an information (CPL 180.50 [3] [a] [iii]) or into a misdemeanor complaint (CPL 180.50 [3] [b]).

On December 8, 1988, the parties again appeared in the Criminal Court. At this point, the prosecutor served the petitioner with notice that the matter was going to be presented to a Grand Jury (CPL 190.50 [5] [a]). The matter was adjourned to January 4, 1989, and then again to March 1,

1989. On January 4, 1989, the Criminal Court admonished the prosecutor that the "[c]ase was reduced in November of 1988 [and was] still in misdemeanor form". The Assistant District Attorney did not dispute the court's assertion that the "case" (albeit apparently not the actual accusatory instrument) was "in misdemeanor form".

On March 1, 1989, the petitioner made an oral motion to dismiss the accusatory instrument. The court, as well as both of the parties, apparently treated the accusatory instrument in question as a misdemeanor complaint or information subject to dismissal by the Criminal Court on speedy trial grounds (see, CPL 170.30 [1] [e]). The Assistant District Attorney, in fact, expressed no opposition to the motion. The Criminal Court, undoubtedly believing that it had no alternative but to do so under these circumstances, granted the motion on the ground that more than 90 days had elapsed since November 14, 1988, that is, the date of the purported conversion of the felony complaint to a misdemeanor complaint or information (see, CPL 30.30 [1] [b] [90-day speedy trial deadline applicable to certain misdemeanors]; 30.30 [5] [c] [90 days generally measured from date of reduction of charges]).

On March 22, 1989, a Queens County Grand Jury voted to indict the petitioner for the crimes of assault in the first degree (Penal Law § 120.10 [2]), assault in the second degree (Penal Law § 120.05 [3]), and resisting arrest. On March 30, 1989, the indictment was filed, and on April 12, 1989, the petitioner was arraigned upon the indictment. The petitioner thereafter made a motion to dismiss the indictment, ostensibly on the grounds that "[t]here exists some * * * jurisdictional or legal impediment to conviction of the defendant for the offense charged" (CPL 210.20 [1] [h]).

The precise argument made by the petitioner in support of this motion was that "once a matter has been dismissed pursuant to § 30.30 of the C.P.L. and after the charges having [sic] been reduced by the People * * * to misdemeanors, the People cannot subsequently indict the defendant as a felon". The People argued that the charges were never effectively reduced, and that the felony complaint was in fact never converted, because the Criminal Court failed to comply with CPL 180.50. The People further argued that the ruling which the Criminal Court made on March 1, 1989, was therefore a "nullity" because the Criminal Court had no jurisdiction to dismiss a felony complaint on speedy trial grounds (see, CPL

170.30), and, therefore, that the charges against the petitioner had in fact never been dismissed.

The prosecution also asserted that the Grand Jury retained jurisdiction to indict the petitioner on felony charges (including a charge identical to the felony which was charged in the original felony complaint) notwithstanding the fact that the Criminal Court had previously dismissed (prior to trial, and on a ground having nothing to do with defendant's guilt or innocence) an accusatory instrument which had been premised on the same criminal transaction. In other words, the People argued that the Grand Jury properly indicted the defendant on felony charges (and one misdemeanor charge) even though such charges were, in part, identical to those contained in a misdemeanor complaint, information or (assuming the acceptance of the prosecution's alternative argument) felony complaint which had previously been dismissed by a local Criminal Court prior to trial.

The Supreme Court, Queens County, denied the motion. In the event that this indictment results in a trial, conviction, and appeal, it is clear that the propriety of that court's order would be subject to ordinary appellate review. Not content with this prospective remedy, the petitioner now seeks to enjoin the District Attorney from prosecuting the indictment handed up by the Grand Jury, and to enjoin the Justices of the Supreme Court, Queens County, from presiding at any trial of this indictment. For the following reasons, this application must be denied.

## II

We should note, initially, that the petitioner's application is procedurally correct. A proceeding pursuant to CPLR article 78 may serve as the procedural vehicle for advancing a claim that prosecution of a criminal case is barred on the basis of statutory or constitutional double jeopardy principles (see, e.g., Matter of Corbin v Hillery, 74 NY2d 279, 285, n 3; Matter of Kaplan v Ritter, 71 NY2d 222, 226-227; Hall v Potoker, 49 NY2d 501, 505, n 1; People v Michael, 48 NY2d 1, 7; Matter of Abraham v Justices of N. Y. Supreme Ct., 37 NY2d 560, 564). Such proceedings may also serve as the procedural format within which to review claims that a Grand Jury has, in returning an indictment, exceeded its statutory authority (see, e.g., Matter of Forte v Supreme Ct., 48 NY2d 179 [claim that superseding indictment was obtained in viola-

tion of CPL 450.50 (2)]; *Matter of Vega v Bell,* 47 NY2d 543 [claim that indictment of juvenile was obtained in violation of CPL 180.75 (4)]). The petitioner may therefore bring the instant proceeding, even though the denial of his motion to dismiss the indictment would ordinarily be subject to review on appeal from any judgment of conviction *(see, Matter of Corbin v Hillery, supra; Matter of Wiley v Altman,* 52 NY2d 410, 412-413, n 2).

■ Turning from procedural to substantive issues, we find that the petitioner's arguments are basically without merit. Neither statutory nor constitutional double jeopardy principles are at stake. Moreover, there is no constitutional or statutory provision which prohibits a New York State Grand Jury from indicting a suspect on charges which were previously dismissed by a local criminal court pursuant to CPL 170.30 (1) (e).

## A

It is clear that whatever right to the dismissal of the present indictment this petitioner might have does not derive from any constitutional or statutory prohibition against successive prosecutions for the same offense. The Double Jeopardy Clause of the Federal Constitution (US Const 5th, 14th Amends; *Benton v Maryland,* 395 US 784 [Federal constitutional double jeopardy provision binding on States]) applies so as to bar renewed prosecution, under certain conditions, only when a prior prosecution has already proceeded to the trial stage, that is, either the swearing in of the jury or, in nonjury cases, the beginning of the presentation of evidence *(see, Serfass v United States,* 420 US 377, 388; *United States v Jorn,* 400 US 470; *Downum v United States,* 372 US 734). Pursuant to the Double Jeopardy Clause of the New York State Constitution (NY Const, art I, § 6), which was controlling until the Supreme Court decided the *Benton* case *(supra),* jeopardy did not "attach" until after a jury was sworn *and* evidence was actually presented *(see, Matter of Bland v Supreme Ct.,* 20 NY2d 552, 554). It is therefore clear that there is no constitutional impediment to the continuation of the present prosecution.

New York's current statutory formulation concerning when jeopardy "attaches" reflects, with minor variation, the standard which has evolved pursuant to the Federal Constitution *(see, Benton v Maryland, supra; Downum v United States,*

*supra).* Pursuant to CPL 40.30 (1) (b), jeopardy does not "attach", and a defendant has no absolute right to have the issue of his guilt or innocence determined by the particular Judge or jury before whom he has appeared for trial, until that trial has reached the point where a "jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn" (CPL 40.30 [1] [b]; *see also, People v Lawton,* 134 AD2d 454; *cf., People v Scott,* 40 AD2d 933, 934). Again, it is clear that resumption of the present prosecution is in no way impeded by these statutory provisions, since the defendant has never been placed on trial.

Furthermore, "the rule has developed in New York [that] reprosecution is permitted whenever a dismissal has been granted on motion by defendant, so long as the dismissal does not constitute an adjudication on the facts going to guilt or innocence. The rule applies even if the dismissal occurs after jeopardy has attached" *(People v Key,* 45 NY2d 111, 117; *see also, People v Lawton,* 134 AD2d 454, *supra).* This rule has been applied to cases where the accusatory instrument had been dismissed because of the legal insufficiency of its allegations, even during trial *(e.g., Matter of Bishop v Supreme Ct.,* 14 NY2d 321; *see also, Matter of Sena v Zittell,* 81 AD2d 245; *People ex rel. North v Skinner,* 280 App Div 611, *affd* 305 NY 711), to cases where the indictment had been dismissed by the trial court based on the prosecutor's failure to make an adequate opening statement *(e.g., People v Kurtz,* 51 NY2d 380; *Matter of Kopilas v People,* 111 AD2d 174), and to a case where, after the swearing in of the jury, the trial court dismissed a portion of the indictment in the interest of justice *(People v Zagarino,* 74 AD2d 115 [Hopkins, J. P.]). In the present case, the Criminal Court's granting of the defendant's pretrial motion to dismiss the prior accusatory instrument did not constitute an adjudication on the merits *(see, People v Key, supra; People v Zagarino, supra,* at 120; *Matter of Sena v Zittell, supra,* at 246). It is therefore clear, for this additional reason, that principles of double jeopardy are in no way involved in this case.

## B

■ Thus, if there is some limitation upon the Grand Jury's power to indict the petitioner in this case, or upon the People's power to prosecute such an indictment, it must be found in some constitutional or statutory provision unrelated

to those double jeopardy provisions discussed above. The petitioner cites no such provision.

It is true that the Criminal Procedure Law prohibits the bringing of a new prosecution based upon charges which had been contained in an indictment or superior court information which had previously been dismissed on the ground that the defendant had been denied his right to a speedy trial *(see,* CPL 210.20 [1] [g]; [4]). However, the parallel provision of the Criminal Procedure Law which governs the dismissal of misdemeanor complaints or informations on speedy trial grounds *(see,* CPL 170.30 [1] [e]), conspicuously lacks a similar provision. Based on this discrepancy between the two statutes, the Court of Appeals concluded, in *People v Osgood* (52 NY2d 37, 45, n 2), that "a dismissal of the accusatory instrument for failure to be ready for trial within the statutory period [pursuant to CPL 170.30 (1) (e)] would not preclude the People from filing another accusatory instrument" *(see also,* Bellacosa, Practice Commentary, McKinneys Cons Laws of NY, Book 11A, CPL 170.30, at 65-66). This observation was made by the *Osgood* court in order to illustrate the logic of its holding that the filing of such a subsequent accusatory instrument should not constitute the beginning of a new criminal prosecution for speedy trial purposes *(see also, People v Robles,* 72 NY2d 689, 699; *cf., People v Mann,* 60 NY2d 792, 794).

The foregoing statement of the Court of Appeals confirmed the validity of the position advanced by one court, which had held that the Legislature's omission from the Criminal Procedure Law of a provision similar to that contained in the former Code of Criminal Procedure § 673 must be considered to have been intentional *(see, People v Krum,* 68 Misc 2d 763). Former Code of Criminal Procedure § 673 prohibited the reinstitution of a *misdemeanor* prosecution after a previous misdemeanor prosecution based on the same offense had been dismissed on the ground of failure to prosecute. That statute did *not,* however, prohibit the commencement of a subsequent *felony* prosecution where a previous misdemeanor prosecution, based on the same transaction, had been dismissed on those grounds. As noted by the court in the *Krum* case *(supra),* the failure to include in the Criminal Procedure Law any similar provision necessarily reflects a legislative intent to permit renewed misdemeanor prosecutions and, a fortiori, renewed *felony* prosecutions, even after a local criminal court has dismissed a prior misdemeanor complaint or information

based on a delay in prosecution *(see also, Matter of Krum v Hogan,* 69 Misc 2d 656).

Most courts have followed the rationale expressed in the *Krum* case *(supra)* which seems to have been validated by the dictum of the Court of Appeals in *People v Osgood (supra).* In accordance with this reasoning, it has been held that a Grand Jury may indict a suspect for crimes stemming from a criminal transaction which was the subject of a prior accusatory instrument which had been dismissed by a local criminal court on nonconstitutional grounds unrelated to the merits *(see, People v Callaway,* 124 Misc 2d 168, 170; *People v Morning,* 102 Misc 2d 750; *People v Ackrish,* 92 Misc 2d 431, 432-433 [recognizing principle, but holding Criminal Court's dismissal was on "constitutional" grounds]; *People v Nizza,* 92 Misc 2d 823, 825-826; *People v Morgan,* 90 Misc 2d 416, 417-418, *affd* 72 AD2d 552). Several other lower courts have also recognized that nothing in the Criminal Procedure Law prohibits the renewal of a misdemeanor prosecution after the entry of an order of dismissal pursuant to CPL 170.30 *(e.g., People v King,* 137 Misc 2d 1070, 1071-1072; *People v Griffin,* 134 Misc 2d 1068, 1070; *People v Vial,* 132 Misc 2d 5, 14; *People v Chandler,* 111 Misc 2d 654, 656; *People v Rodriguez,* 97 Misc 2d 379, 381; *People v Bell,* 95 Misc 2d 360, 366-368). Authority which could be read as supporting a contrary proposition *(e.g., People v Mulligan,* 139 Misc 2d 1034, 1038; *People v Scerbo,* 91 Misc 2d 97) is wholly unpersuasive.

The case of *People v Morning (supra)* provides a good illustration. The defendant had been charged with driving while intoxicated as a felony, but this charge was later reduced in a local court to the charge of driving while intoxicated as a misdemeanor. This misdemeanor charge was later dismissed on speedy trial grounds *(see,* CPL 30.30). The defendant was then indicted for driving while intoxicated as a felony, the same crime with which he had originally been charged. The County Court, Suffolk County (Vaughn, J.), denied the defendant's subsequent motion to dismiss the indictment pursuant to CPL 210.20 (1) (h). Noting that there was no violation of principles of double jeopardy *(People v Morning, supra,* at 751), and also noting the contrast between the terms of CPL 210.20 (4), and CPL 170.30 *(People v Morning, supra,* at 752), the court concluded that "there is no bar to a felony prosecution based upon the same act as long as the original dismissal was not on constitutional grounds" *(People v Morning, supra,* at 752). The court went on to dismiss the indictment in the

interest of justice *(People v Morning,* 102 Misc 2d 750, 753, *supra),* a ground for dismissal which is not before us in the instant proceeding.

The foregoing cases reflect the simple fact that there is no constitutional or statutory law which forbids the reinstatement of a misdemeanor or felony prosecution after the issuance of an order of dismissal pursuant to CPL 170.30 (1) (e) *(see, People v King, supra,* at 1071 [citing *Matter of Kopilas v People,* 111 AD2d 174, *supra]; People v Morning, supra; People v Chandler, supra,* at 656; *People v Callaway, supra,* at 172). Obviously, there may be cases in which such a successive misdemeanor or felony prosecution might be subject to dismissal pursuant to CPL 170.30 or CPL 210.20 for the very same reason as that which led to the dismissal of the prior misdemeanor prosecution. In the instant case, this is not necessarily so because the indictment includes charges which are subject to speedy trial deadlines which are longer than those which governed the misdemeanors contained in the prior accusatory instrument *(see,* CPL 30.30 [1] [a]; *cf.,* CPL 30.30 [1] [b]).

The petitioner does not cite any constitutional or statutory provision which expressly announces the rule of law which he would have us recognize, i.e., that a Grand Jury may not indict a person on charges arising from a criminal transaction which had been the subject of a prior accusatory instrument, where that prior accusatory instrument was dismissed by a local criminal court pursuant to CPL 170.30 (1) (e). Recognition of such a rule on our part would be contrary to a century of judicial tradition whereby "our courts have afforded the Grand Jury the widest possible latitude in the exercise of [their] powers and insisted that in the absence of a clear constitutional or legislative expression they may not be curtailed" *(People v Stern,* 3 NY2d 658, 661 [citing *People v Ryback,* 3 NY2d 467]; *People ex rel. Hirschberg v Close,* 1 NY2d 258, 261; *People ex rel. Livingston v Wyatt,* 186 NY 383, 391; *Matter of Mullen v Block,* 176 Misc 442; *People v Grout,* 85 Misc 570, 573). There is simply no constitutional or statutory provision, clear or otherwise, which prohibits the Grand Jury, as an arm of the court *(see, Matter of Additional Jan. 1979 Grand Jury v Doe,* 50 NY2d 14, 20; *Matter of Manning v Valente,* 272 App Div 358, 361) from indicting a person for crimes with which he had previously been charged in an accusatory instrument which, correctly or incorrectly, had

been dismissed by a local criminal court pursuant to CPL 170.30 (1) (e). The Grand Jury is presumed to have the power to issue such an indictment, and the District Attorney is presumed to have the power to prosecute.

## III

The District Attorney seeks dismissal of the present proceeding on an alternative ground. The District Attorney argues that the action taken by the Criminal Court on November 14, 1988, did *not* constitute a "reduction" of the felony complaint to a misdemeanor complaint or information, because the Criminal Court failed to comply with the procedure outlined in CPL 180.50. Based on the premise that the original felony complaint remained pending, notwithstanding the fact that the Criminal Court believed it to have been "reduced", the District Attorney contends that the action subsequently taken by the Criminal Court on March 1, 1989, i.e., the dismissal of this instrument on speedy trial grounds, was not authorized by law *(see,* CPL 170.30) and hence is a "nullity". The District Attorney concludes his syllogism by contending that the Criminal Court's dismissal, being a "nullity", must be treated as though it never occurred, so that, in effect, a proper felony complaint was pending at all times between the petitioner's original arraignment on October 18, 1988, until his indictment. If this conclusion is correct, then the petitioner's argument in the present proceeding would clearly be unfounded.

Since the present proceeding must be dismissed on the grounds outlined above, we need not address this alternative argument. We note, however, that it is apparently a common practice for local criminal courts to accomplish—or to purport to accomplish—the conversion of a case from felony to misdemeanor status by making notations on a docket sheet, rather than on the accusatory instrument itself *(see, e.g., People v Minor,* 144 Misc 2d 846 [App Term, 2d Dept, Feb. 3, 1989]; *People v Lehrer,* 144 Misc 2d 701; *People v Kwang Yul Oh,* 141 Misc 2d 496, 499; *People v Stoneburner,* 129 Misc 2d 722, 725; *People v Franco,* 109 Misc 2d 695; *People v Torres,* 109 Misc 2d 800, 803). Whether such notations may serve to accomplish the conversion of felony complaints to misdemeanor complaints or informations, and whether the holding in *People v Minor (supra)* that such purported conversions are void, are questions which we need not now decide.

## IV

Whether the accusatory instrument which was dismissed by the Criminal Court on speedy trial grounds be considered a felony complaint (in which case its dismissal was unauthorized) or a misdemeanor complaint or information (in which case its dismissal was authorized), the fact remains that the Grand Jury had the jurisdiction to indict the defendant for crimes which had been charged in that prior instrument. There being no jurisdictional impediment to the prosecution of the indictment, the petition is denied and the proceeding is dismissed, without costs or disbursements.

BROWN, RUBIN and BALLETTA, JJ., concur.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.