OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed, on the law, and complaint dismissed.
According to the indorsements on the court papers, on the People’s motion and with the defendant’s consent, the charges against defendant were reduced from jostling to attempted jostling and from resisting arrest to attempted resisting arrest and the matter was transferred from a jury to a nonjury part for trial. A nonjury trial was held at the close of which defendant moved to dismiss the attempted jostling charge on the ground that there is no such crime. The motion was denied and defendant was convicted of attempted jostling but acquitted of attempted resisting arrest.
On this appeal, defendant renews his contention that there is no such crime as attempted jostling. We agree. Jostling itself is an inchoate theft offense, aimed at the pickpocket who surreptitiously attempts to secure the personal property of his victim. It is in the nature of an *77 attempt (see People v Thomas, 36 NY2d 514, 517; People v Rivera, 105 Misc 2d 285; Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 165.25, pp 236-237). As such, there can be no such crime as attempted jostling. “[TJhere cannot be an attempt to commit a crime which is itself a mere attempt to do an act or accomplish a result” (People v Schmidt, 76 Misc 2d 976, 978; see 22 CJS, Criminal Law, § 74). Since a defendant cannot be convicted after trial of a nonexistent crime (see, e.g., People v Foster, 19 NY2d 150; People v Brown, 21 AD2d 738; People v Hassin, 48 AD2d 705), the charge must be dismissed.
Buschmann, J. P., Hirsch and Kunzeman, JJ., concur.