OPINION OF THE COURT
Edward W. McCarty, III, J.
The People’s motion for an order restoring the above-entitled action to the calendar is granted to the limited extent stated herein.
The defendant was originally charged with a felony violation of grand larceny in the fourth degree (Penal Law § 155.30) which was subsequently reduced to the class A misdemeanor charge of petit larceny (Penal Law § 155.25) *1071 upon the application of the People. Subsequently, the People made an application to dismiss the misdemeanor charge in order to further the interests of justice pursuant to CPL 170.30 (1) (g). The People’s application was granted by the court, and the accusatory instrument was dismissed. The People allege that the application for dismissal was made because of the People’s inability to contact the complainant. Now the People have made a motion for an order to restore the above-entitled action to the calendar to allow the People to reprosecute this case on the original felony charge of violating Penal Law § 155.30, grand larceny in the fourth degree.
The Criminal Procedure Law fails to bar renewed prosecution of a misdemeanor charge that has been dismissed in the interest of justice upon the People’s motion pursuant to CPL 170.30 (1) (g). (Matter of Krum v Hogan, 69 Misc 2d 656 [Sup Ct, NY County 1972]; see, People v Key, 45 NY2d 111 [1978].) This does not appear to be a legislative oversight since the Legislature did provide for a bar to renewed prosecutions in other situations. CPL 210.20 provides that reprosecution of an indictment is barred where the indictment has been dismissed due to immunity, double jeopardy, Statute of Limitations, and denial of speedy trial. (CPL 210.20 [1] [d], [e], [ip, [g], [h].) However, CPL 210.20 (4) provides that where an indictment had been dismissed in the interests of justice, pursuant to CPL 210.20 (1) (i), the court may, upon application of the People, authorize the People to submit the charge to the Grand Jury. Accordingly, a superior court has the statutory authority to grant reprosecution of a felony charge where the indictment had been previously dismissed in the interests of justice.
Similarly, the District Court should have the authority to grant reprosecution of an accusatory instrument on a misdemeanor charge where the accusatory instrument was originally dismissed in the futherance of justice pursuant to CPL 170.30. There is nothing in the Criminal Procedure Law which forbids the reinstatement of a misdemeanor prosecution. (See, Matter of Kopilas v People, 111 AD2d 174 [2d Dept 1985]; see also, People v Morning, 102 Misc 2d 750 [Suffolk County Ct 1979].) Furthermore, there is no double jeopardy involved since double jeopardy does not attach until a witness is sworn at trial. (CPL 40.30; People v Key, supra.)
The People shall be permitted to reprosecute the defendant on the misdemeanor charge of violating Penal Law § 155.25, petit larceny. However, the People are not permitted to repro *1072 secute the defendant on the felony charge of violating Penal Law § 155.30, grand larceny in the fourth degree. In the instant case, the felony charge (Penal Law § 155.30) was reduced to a nonfelony charge (Penal Law § 155.25), by converting the felony complaint into a local criminal accusatory instrument pursuant to CPL 180.50 (2) (b) and (3). Once the felony complaint is converted into an accusatory instrument, the court must dismiss the felony complaint. (CPL 180.50 [3] [d].) There is no statutory authority that allows the court to reinstate a felony complaint after the felony complaint has been dismissed upon conversion to a local accusatory instrument pursuant to CPL 180.50. (See, Matter of Campbell v Pesce, 60 NY2d 165.)
Accordingly, the People are permitted to reprosecute the defendant on the misdemeanor charge of violating Penal Law § 155.25, petit larceny, but not on the previous felony charge of violating Penal Law § 155.30, grand larceny in the fourth degree. The Clerk of the Criminal Court is directed to restore the above-entitled action to the calendar.