OPINION OF THE COURT
William Garnett, J.
*853 The defendants were originally charged in felony complaints with the crimes of unauthorized practice of the profession of massage pursuant to Education Law § 6512 (1), a felony, and unauthorized use of a professional title in violation of Education Law § 6513 (1), a class A misdemeanor. Subsequently, the prosecution reduced the first count to attempted unauthorized practice, a class A misdemeanor, and the second count to attempted unauthorized use of a professional title, presumably now, a class B misdemeanor.
The factual portion of the misdemeanor informations, in essence, accuse the defendants Smetenico and Manyk of having agreed to perform a massage on an undercover police officer in exchange for money. It is specifically alleged that defendant Manyk offered a half hour massage for $35. It is further alleged that all three female defendants asked the officer to disrobe. Finally, the male defendant, Dubogryzov, is charged with acting in concert with the females by admitting the officer into the premises, inquiring whether the officer had an appointment and asking the time of his appointment.
In support of the second charge, it is averred that “the defendants advertised for the above mentioned massage services in a newspaper [and] possessed business cards that advertised professional massages”.
The defense has moved to dismiss the first count arguing that the District Attorney’s reduction of this count to an attempt divested the Criminal Court of trial jurisdiction. Specifically, the defense contends that the statutory language of Education Law § 6512 (1) subsumes within it an attempt and that, therefore, an attempt to commit this offense is a nonexistent crime.
It is axiomatic that jurisdiction is a nonwaivable prerequisite to a criminal prosecution. (People v McGuire, 5 NY2d 523, 527 [1959]; People v Scott, 3 NY2d 148, 152 [1957].) The want of jurisdiction may be raised at any time, even on appeal. (People v Nicometi, 12 NY2d 428, 431 [1963].) Thus, if an attempt to commit the crime defined in Education Law § 6512 (1) is deemed hypothetical or nonexistent, this court lacks jurisdiction to adjudicate the charge.
In the seminal case of People v Jelke (1 NY2d 321, 330 [1956]), the Court of Appeals opined that an attempt was a crime under a substantive criminal statute when the “statutory definition of the essence of a crime is the attempt to do a certain act”. “[T]here can be no attémpt to commit a crime which is itself a mere attempt to do an act” (22 CJS, Attempts *854 and Solicitation, § 114, at 143). Thus, a defendant cannot be charged with an attempt to commit a crime which by its definition includes an attempt to commit that crime. Such charges are hypothetical, illogical and impossible of commission. (Id., at 144.) “[W]here a certain crime is actually defined in terms of either doing or attempting a certain crime, then the argument that there is no crime of attempting this attempt is persuasive.” (2 LaFave and Scott, Substantive Criminal Law § 6.2, at 21 [1986].)
These principles are easy of application when the penal statute includes the word “attempt” within its definition. For example, a defendant cannot be charged with attempted resisting arrest (People v Howlett, 76 Misc 2d 801 [App Term, 1st Dept 1973]), or attempted obstruction of governmental administration (People v Schmidt, 76 Misc 2d 976, 978 [Crim Ct, Bronx County 1974]), because the statutory definition explicitly includes an attempt. (Penal Law §§ 205.30, 195.05.)
However, this concept can be applied to other crimes, which, in essence, include attempts within their ambit. If the crime is defined in the nature of an attempt, although the statute does not contain the word attempt, an attempt to commit such a crime is nonexistent. The jostling statute is a paradigm of a crime which is inherently an attempt although the statutory definition does not include the word “attempt”. (People v Lynn, 115 Misc 2d 76 [App Term, 2d Dept 1982].) Thus, the definition of the substantive crime may, by its breadth, include acts which are attempts.
In this case, the unlawful practice of massage has an extraordinarily expansive definition. The statute proscribes the unlicensed practice of massage, any offer to practice massage or holding oneself out as being able to practice massage. The statutory definition also encompasses any behavior which “aids or abets” an unlicensed person to practice massage (Education Law § 6512 [1]). The purview of the statute is all-inclusive in its prohibition of the unlicensed practice of this regulated profession.
The statute’s reach is so broad that it is inconceivable that an attempt to practice a profession would not be prosecutable by its plain meaning. Could it be persuasively argued that a statute which merely prohibits an unlicensed person from saying that he or she is a masseur or masseuse does not also include a prohibition against an individual attempting to practice unlicensed massage by performing an act which “tends to effect the commission” of the unlicensed practice of mas *855 sage? (Penal Law § 110.00.) Moreover, would an attempt to actually practice massage be beyond the statutory definition when the statute makes criminal only an offer to give a massage? These rhetorical questions demonstrate the breadth of this criminal statute. It cannot be contended that, along the statutory continuum between actual practice and a mere holding out, the crime of attempting to practice the unlicensed profession cannot be found within this expansive prohibitory language. The clear and plain language of this statute manifests a legislative intent to proscribe all aspects of the unlicensed practice of any regulated profession including an attempt to practice.
Applying the Jelke standard (1 NY2d 321, 330, supra), the “statutory definition of the essence” of this crime embraces an attempt to commit the prohibited act. Thus, when the People moved to reduce this count to an attempt to commit (Education Law § 6512 [1]), the court was deprived of jurisdiction for the prosecution had charged the defendants with an attempt to commit attempt, a hypothetical and nonexistent crime.
The prosecution’s argument that the statute is written in the disjunctive is not persuasive. If the word “or” permitted the District Attorney to choose one of the theories in the statute and charge an attempt, then those crimes such as resisting arrest and/or obstructing governmental administration, which include “or attempts” (Penal Law §§ 205.30, 195.05), could be charged as attempts under the alternate statutory theory.
The defense motion to dismiss this count is granted. Of course, the District Attorney could, within the applicable speedy trial parameters, present this matter to a Grand Jury for the purpose of obtaining an indictment charging the defendants with the underlying felony. At that juncture, the Supreme Court, unlike the Criminal Court under these circumstances, would have trial jurisdiction. Moreover, a plea in the Supreme Court to the misdemeanor, a nonexistent, hypothetical crime in the Criminal Court, would not deprive the Supreme Court of its jurisdiction and would be sustainable. (People v Foster, 19 NY2d 150 [1967].)
As to the second count, which charges the defendants with the attempted unauthorized use of a professional title pursuant to Education Law § 6513 (1), the prosecution apparently reduced this count in the belief that this was a felony. However, this crime is explicitly classified as a class A misdemeanor.
Section 6513 (1) is the mechanism for the enforcement of the prohibition against the unauthorized use of a professional title contained in Education Law § 7802. (Education Law § 7800.)
*856 Section 7802, as applicable to the facts of this case, states: “[n]o person * * * claiming to be engaged in the practice of massage * * * shall in any manner describe, advertise or place any advertisement for [unlicensed massage services]”. Section 7802 also prohibits any unlicensed massage person from using the title “masseur”, “masseuse” or “massage therapist”.
Arguably, the advertisement of massage services proscribed by section 7802 is not prosecutable pursuant to Education Law § 6513 (1). Section 6513 (1) only criminalizes the use of a professional title. The statute does not contain an explicit prohibition against the advertisement of massage services.
However, assuming for the sake of argument that all of the prohibitions contained in section 7802 are actionable by and through section 6513 (1) and section 7800, the second count of the information does not pass muster under CPL 100.45.
In order to deem an information facially sufficient, the factual allegations must provide reasonable cause to believe that the defendant committed the offense charged. (CPL 100.40 [1] [b].) Further, the information must contain nonhearsay factual allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c].) If these requirements are not met the putative information is fatally defective. (People v Alejandro, 70 NY2d 133, 134 [1987].)
In the first instance, the information does not specify facts which inculpate one or more of the defendants. The People allege, in summary fashion, that the defendants advertised for massage services in a newspaper and possessed business cards. There are no facts which impute the newspaper advertisement to any of the defendants. Did one or more or all of the defendants contract for the newspaper ad? Were any of the defendants identified by name in the advertisement? Which of the defendants possessed business cards? Did one or more or all of the defendants use the cards to promote an illegal massage service? In conclusion, the general factual allegations contained in the information do not provide reasonable cause to believe that one or more or all of the defendants committed this crime. Such general allegations, if given as testimony at trial, would not establish a prima facie case.
Finally, the facts which allegedly support this charge are hearsay allegations. The business cards and the newspaper advertisement have not been incorporated by reference in the information. Thus, when the police officer deponent makes the conclusory allegation that the defendants were promoting mas *857 sage services by means of these cards and ad, he is simply relating what he has seen written on the cards and in the newspaper advertisement. The deponent’s conclusory statements about these items are hearsay and do not properly support the elements of the crime charged.
Therefore, the second count of the information is fatally defective in two respects and will be dismissed with leave to submit a superseding information within the applicable speedy trial period.
In summary, the court has dismissed the first count for lack of jurisdiction pursuant to CPL 170.30 (1) (f) and has dismissed the second count pursuant to CPL 170.30 (1) (a) in that this count is not supported by factual allegations which satisfy the requirements of CPL 100.40.