OPINION OF THE COURT
Carol R. Edmead, J.
Defendants Lisa Lisa, Xiao Ming and Zhu Fang are charged with attempted unauthorized practice of a profession in violation of Education Law § 6512 (1), for allegedly offering massages without a license. Defendants Ching Fong, Ken Chen and Fei Fei are charged with attempting to aid and abet others to practice massage without a license in violation of Education Law § 6512 (2). Additionally, defendants Ching Fong and Fei *478 Fei are charged with promoting prostitution in the fourth degree (Penal Law § 230.20) and defendant Zhu Fang is charged with prostitution (Penal Law § 230.00). The defendants have moved to dismiss for facial insufficiency.
The defendants argue that the charges under Education Law § 6512 must be dismissed because, to establish that a defendant has no license to practice massage, it is insufficient to allege that no license was displayed and none could be produced upon request, as the instant accusatory instruments do.[1] The defendants rely upon People v Mauro (147 Misc 2d 381, 388 [Crim Ct, NY County 1990]), which held that the accusatory instrument had not been properly converted “because the person could in fact be licensed [to practice massage] even though the license was not produced upon request or was not displayed."[2]
However, it is unnecessary for the court to decide whether to follow the Mauro holding. The charges under Education Law § 6512 are fatally defective for another reason. Education Law § 6512 provides:
“1. Anyone not authorized to practice under this title who practices or offers to practice or holds himself out as being able to practice in any profession in which a license is a prerequisite to the practice of the acts,[3] or who practices any profession as án exempt person during the time when his professional license is suspended, revoked or annulled, or who aids or abets an unlicensed person to practice a profession, or who fraudulently sells, files, furnishes, obtains, or who attempts fraudulently to sell, file, furnish or obtain any diploma, license, record or permit purporting to authorize the practice of a profession, shall be guilty of a class E felony.
“2. Anyone who knowingly aids or abets three or more unlicensed persons to practice a profession or employs or holds such unlicensed persons out as being able to practice in any profession in which a *479 license is a prerequisite to the practice of the acts, or who knowingly aids or abets three or more persons to practice any profession as exempt persons during the time when the professional licenses of such persons are suspended, revoked or annulled, shall be guilty of a class E felony.”
In People v Lupinos (176 Misc 2d 852 [Crim Ct, Richmond County 1998]), the defendants were also charged with attempted unauthorized practice of the profession of massage (after a reduction from unauthorized practice of a profession). The court dismissed the charge, holding that it lacked jurisdiction because the defendants were charged with “a hypothetical and nonexistent crime.” (Id., at 855.) Emphasizing the broadness of the statute’s reach, the court reasoned that “[t]he clear and plain language of this statute manifests a legislative intent to proscribe all aspects of the unlicensed practice of any regulated profession including an attempt to practice.” (Id., at 855.) Thus, the defendants had been improperly charged with “an attempt to commit attempt.” (Id.)[4]
The holding in Lupinos (supra) addressed only Education Law § 6512 (1). However, the language of subdivision (2) of section 6512 is equally broad, encompassing attempts to aid and abet others in the practice of a profession without a license. Thus, an attempted violation of Education Law § 6512 (2) is also a hypothetical crime. Therefore, all charges under Education Law § 6512 (1) and (2) must be dismissed against all defendants.
Although the defendants have made no argument as to the other counts, the court has examined those charges and finds them to be facially sufficient. Thus, as to defendant Zhu Fang the charge of prostitution is facially sufficient and the charges of promoting prostitution in the fourth degree are facially sufficient as to defendants Fei Fei and Ching Fong.
*480 Accordingly, the defendants’ motions to dismiss are granted to the extent that the accusatory instruments are dismissed against defendants Xiao Ming, Ken Chen and Lisa Lisa. As to defendants Zhu Fang, Fei Fei and Ching Fong, the charges of violation of Education Law § 6512 are dismissed.

. The People have not responded.

. The accusatory instrument was not dismissed for facial insufficiency. The People were given the opportunity to file a supporting deposition (within CPL 30.30 speedy trial time limits). (People v Mauro, supra, at 389.)

. Education Law § 7802 provides that a license is required for the practice of massage.

. It should be noted that, although the People have no authority to prosecute a defendant for a hypothetical crime, the court is permitted to accept a negotiated plea to a hypothetical lesser offense. (People v Foster, 19 NY2d 150, 154 [1967] [“While there may be question whether a plea to attempted manslaughter is technically and logically consistent, such a plea should be sustained on the ground that it was sought by defendant and freely taken as part of a bargain which was struck for the defendant’s benefit”].)
Thus, the People may, within speedy trial limits, obtain an indictment charging the defendants with violating Education Law § 6512, an E felony, and then accept- a plea in the Supreme Court to an attempt to commit the offense, which would be an A misdemeanor. (People v Lupinos, 176 Misc 2d, supra, at 855.)