OPINION OF THE COURT
Joseph Zayas, J.
The felony complaint in this matter originally charged defendant with unlawful practice of the profession of massage in violation of Education Law § 6512 (1), a class E felony. Upon the People’s prompt application to reduce the felony complaint pursuant to CPL 180.50, the felony charge was reduced to attempted unlawful practice of the profession of massage in violation of Penal Law § 110.00 and Education Law § 6512 (1). Defendant now moves to dismiss the accusatory instrument on the ground that the foregoing attempt charge is a nonexistent crime.
The court agrees that the reduced charge of attempted unlawful practice of the profession of massage is a nonexistent crime. The only real question for the court is whether the appropriate remedy is to dismiss the reduced charge and the accusatory instrument, or reinstate the felony complaint.
The Reduced Charge of Attempted Unlawful Practice of a Profession is a Nonexistent Crime
Education Law § 6512 (1), entitled “Unauthorized practice a crime,” provides, in pertinent part, that “Anyone not authorized to practice under this title who practices or offers to practice or holds himself out as being able to practice in any profession in which a license is a prerequisite to the practice of the acts[1] . . . shall be guilty of a class E felony.” A corollary statute, Education Law § 7802, provides that a license is required for the practice of massage.
The factual portion of the accusatory instrument sets forth the following allegations:
“Deponent [police officer] states that he is informed *687 by . . . Undercover Det. #7646 that at [a specified] date, time, and place of occurrence . . . the defendant . . . did offer and agree to perform unlicense [szc] massage to said undercover in exchange of forty dollars United States currency. Deponent states that defendant did not possess a New York State license to practice such massage.”
A supporting deposition from the undercover detective accompanies the accusatory instrument, as does a certified record from the Division of Professional Licensing Services of the New York State Education Department, corroborating deponent’s allegation that defendant is not licensed to practice massage therapy.
On the adjourned date following defendant’s arraignment on the felony complaint, the People successfully sought, pursuant to CPL 180.50, to reduce the foregoing class E felony to a class A misdemeanor, attempted unlawful practice of the profession of massage in violation of Penal Law § 110.00 and Education Law § 6512 (1). Upon the CPL 180.50 reduction, the matter was adjourned to an all purpose part and defendant promptly moved to dismiss the accusatory instrument on the ground that the foregoing attempt charge is a nonexistent crime.
Because the extraordinarily expansive statutory language in Education Law § 6512 (1) (“practices or offers to practice or holds himself out as being able to practice”), as charged here, already fully embraces an attempt to practice, the court agrees that attempted unlawful practice of the profession of massage is a nonexistent crime. (See People v Lupinos, 176 Misc 2d 852, 854-855 [Crim Ct, Richmond County 1998]; People v Ching Fong, 186 Misc 2d 477, 479 [Crim Ct, NY County 2000].)
In People v Jelke (1 NY2d 321, 330 [1956]), the Court of Appeals ruled that an attempt is itself already a completed crime under a substantive criminal statute, if “the statutory definition of the essence of a crime is the attempt to do a certain act” (emphasis added). The nature of the attempt is often included in the actual statutory language of the penal provision, as in the statute defining resisting arrest, Penal Law § 205.30 (“when he intentionally prevents or attempts to prevent a police officer . . . from effecting an authorized arrest” [emphasis added]); the statute defining obstructing governmental administration, Penal Law § 195.05 (“when he . . . prevents or attempts to prevent a public servant from performing an official function” [emphasis added]); the statute defining intimidating a witness in the third *688 degree, Penal Law § 215.15 (1) (“when . . . he . . . [w]rongfully compels or attempts to compel such other person to refrain from communicating such information to any court” [emphasis added]); and the statute defining tampering with a witness in the third degree, Penal Law § 215.11 (1) (“when . . . [h]e wrongfully compels or attempts to compel such person to absent himself... at such proceeding” [emphasis added]).
Sometimes, however, the nature of the attempt is evinced by the broad and expansive attempt like language of the penal statute, as in the provision defining jostling, Penal Law § 165.25 (“when ... he intentionally and unnecessarily . . . [p]laces his hand in the proximity of a person’s pocket”), along with case law defining the crime as an attempt (People v Thomas, 36 NY2d 514, 517 [1975] [the crime of jostling “is essentially aimed at the stealthy pickpocket, who surreptitiously attempts to secure the personal property of his victim” (emphasis added)]).
Because the foregoing crimes are already attempt like offenses, they are not amenable to being charged as an attempt under Penal Law § 110.00, nor are they amenable to being reduced by amending the accusatory portion of an accusatory instrument to add Penal Law § 110.00 and the word “attempted” prior to the original charge. As the Appellate Term held in People v Lynn (115 Misc 2d 76, 77 [App Term, 2d Dept 1982]), “ ‘[T]here cannot be an attempt to commit a crime which is itself a mere attempt to do an act or accomplish a result’ ” (citations omitted).
Where the People do charge an attempt to commit such an attempt like offense, by the expedient of reduction or otherwise, courts find that such an offense constitutes a “nonexistent crime” (id. at 77), or a “hypothetical charge” (People v Howlett, 76 Misc 2d 801 [App Term, 1st Dept 1973]). Thus, courts have found that the following charged offenses constitute nonexistent crimes: attempted resisting arrest (People v Howlett, supra, 76 Misc 2d 801 [1973]); attempted jostling (People v Lynn, supra, 115 Misc 2d at 77); attempted obstruction of governmental administration (People v Schmidt, 76 Misc 2d 976, 978 [Crim Ct, Bronx County 1974]); attempted intimidation of a witness in the third degree (People v Diaz, 146 Misc 2d 260, 264 [Crim Ct, Bronx County 1990]); and attempted tampering with a witness in the third degree (People v Sajous, 173 Misc 2d 55, 59 [Nassau Dist Ct 1997]).
In People v Lupinos (176 Misc 2d at 854-855), the court likewise held that the charge of attempted unlawful practice of *689 the profession of massage is a nonexistent crime. (Accord People v Ching Fong, supra, 186 Misc 2d at 479 [Crim Ct, NY County 2000].) This court agrees with the foregoing holding and expressly finds that attempted unlawful practice under Penal Law § 110.00 and the subsection of Education Law § 6512 (1) charged here is a nonexistent crime.
As charged here, Education Law § 6512 (1) prohibits, by its express language, anyone from “practic[ing] or offer[ing] to practice or hold[ing] himself out as being able to practice” an unlicensed profession, including massage therapy (Education Law § 7802).[2] As the court stated in Lupinos, the “extraordinarily expansive definition” of the foregoing statute “manifests a legislative intent to proscribe all aspects of the unlicenced practice of any regulated profession including an attempt to practice.” (People v Lupinos, supra, 176 Misc 2d at 854-855.) Because an attempt to unlawfully practice is already contained in the “expansive prohibitory language” (id.) of the substantive crime under Education Law § 6512 (1), the People could not properly reduce the offense to a nonexistent crime, attempted unlawful practice of the profession of massage.
The only remaining question for the court is whether it should dismiss the reduced nonexistent crime and the accusatory instrument (as did the court in People v Lupinos, supra, 176 Misc 2d at 855) or reinstate the felony complaint.
The Appropriate Remedy
In People v Lupinos (supra, 176 Misc 2d at 853), the People, like the People here, originally charged defendant in a felony complaint with the class E felony of unauthorized practice of the profession of massage under Education Law § 6512 (1). Subsequently, the People, again like the People here, reduced the substantive charge to attempted unauthorized practice of the profession of massage, a class A misdemeanor. Upon finding that the reduced charge constituted a nonexistent crime, the court in Lupinos (supra at 853), dismissed the attempt offense, holding that the court “lack[ed] jurisdiction to adjudicate the *690 charge,” but did not discuss the propriety of reinstating the felony complaint.[3] (Accord People v Ching Fong, supra, 186 Misc 2d at 479; see also People v Schmidt, supra, 76 Misc 2d at 979 [nonexistent charges of attempted resisting arrest and attempting obstruction of governmental administration dismissed]; People v Diaz, supra, 146 Misc 2d at 264 [nonexistent reduced charge of attempted intimidation of a witness in the third degree dismissed]; People v Sajous, supra, 173 Misc 2d at 59 [nonexistent charge of attempted tampering with a witness in the third degree dismissed].)
Here, the court finds that pretrial dismissal of the accusatory instrument is not the appropriate remedy. First, although the court may not have jurisdiction to adjudicate the reduced nonexistent charge of attempted unauthorized practice of the profession of massage, the factual allegations in the accusatory instrument adequately establish all of the elements of the crime of unauthorized practice of the profession of massage under Education Law § 6512 (1) and defendant’s commission thereof. Thus, although dismissal of the improperly reduced charge of attempted unauthorized practice of the profession of massage is clearly warranted, there is no reason to dismiss the accusatory instrument, which, in light of the. dismissal of the reduced attempt charge, still makes out a class E felony, over which this court has preliminary jurisdiction. (CPL 10.30 [2].)
Significantly, this is not a case where the reduction to an attempt was occasioned in some way by a judicial finding, pursuant to CPL 180.50 (2) (a), that the court lacked “reasonable cause to believe that the defendant committed a felony in addition to the non-felony offense in question.” (Id.) On the contrary, it appears that the reduction was made pursuant to CPL 180.50 (2) (b) on the People’s application and in the interest of justice, with defendant’s consent and/or acquiescence.
Second, inasmuch as the purported reduction to a nonexistent crime was invalid, the court finds that the felony complaint remained pending and is hereby reinstated. This is consistent with the well-settled case law addressing the effect of improper reduction on the viability of a felony complaint which is purportedly reduced under CPL 180.50. (See People v Yolles, 92 NY2d 960, 961 [1998] [Court affirms Appellate Term decision which held that where People fail to comply with CPL 180.50 in reduc *691 ing original felony to misdemeanor, improperly reduced misdemeanor should be dismissed and further proceedings must be had on the original felony complaint]; People v Minor, 144 Misc 2d 846, 848 [App Term, 2d Dept 1989] [felony complaint reinstated where Appellate Term holds that “(a)n attempted reduction of a felony complaint . . . not done pursuant to the requirements of CPL 180.50 is invalid and of no legal effect and the felony complaint remains pending”]; People v Jones, 151 Misc 2d 582, 584 [App Term, 2d Dept 1991] [same]; People v Young, 123 Misc 2d 486, 490 [Crim Ct, Bronx County 1984] [where factual allegations in the original felony complaint do not establish elements of reduced charge, the purported reduction is “void and without legal effect . . . (and the) felony complaint... is still pending”].)
Although Yolles, Minor, and Jones involved the failure of the court to conduct the reduction “inquiry” required by CPL 180.50, and none of the aforementioned cases involved the purported reduction of a felony to a nonexistent crime, here the reduction was not in compliance with CPL 180.50 (2) (b) because there could not be “reasonable cause to believe that defendant committed a . . . non-felony offense,” which, as demonstrated above, is a “nonexistent crime” (People v Lynn, supra, 115 Misc 2d at 77), or a “hypothetical charge” (People v Howlett, supra, 76 Misc 2d 801 [1973]). Accordingly, the court finds that the rationale of the aforementioned cases — Yolles, Minor, Jones, and Young — equally applies here, where the People purport to reduce the felony (for which there is reasonable cause) to a nonexistent misdemeanor.
In this regard, this court respectfully disagrees with the decision in People v King (137 Misc 2d 1070, 1072 [Nassau Dist Ct 1987]), which was decided well before People v Yolles (supra, 92 NY2d 960 [1998]), People v Minor (supra, 144 Misc 2d at 848), and People v Jones (supra, 151 Misc 2d at 584), the prevailing authority. In People v King (supra, 137 Misc 2d at 1072), the court held that “[t]here is no statutory authority that allows the court to reinstate a felony complaint after the felony complaint has been dismissed upon conversion to a local accusatory instrument pursuant to CPL 180.50.” Although the court in King (at 1072) correctly noted that a felony complaint “must [be] dismissed]” pursuant to CPL 180.50 (3) (d), once the felony complaint is converted to a misdemeanor accusatory instrument by the reduction process, the prevailing authority now makes it clear that where the reduction was invalid at its *692 inception, the purported reduction, conversion and dismissal of the felony complaint are “of no legal effect and the felony complaint remains pending.” (People v Minor, supra, 144 Misc 2d at 848; see also Preiser, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.50, 2004 Pocket Part, at 49 [a purported reduction of a felony complaint which does not comply with CPL 180.50 “is a nullity and . . . (vacating the (improperly reduced) misdemeanor charge leaves the felony charge pending, which now can proceed”] [emphasis added].)
In conclusion, the motion to dismiss the improperly reduced charge of attempted unauthorized practice of the profession of massage is granted inasmuch as the court agrees that it is a nonexistent crime. The motion to dismiss the accusatory instrument, however, is denied inasmuch as the felony complaint, charging the class E felony of unauthorized practice of the profession of massage under Education Law § 6512 (1), remains pending.

. Education Law § 6512 may be violated in numerous other ways which are not charged here. (See n 2.)

. In another subsection of Education Law § 6512 (1) which is not charged here, the prohibitory language of the statute also actually includes the word “attempt”: “Anyone not authorized to practice under this title who ... attempts fraudulently to sell, file, furnish or obtain any diploma, license, record or permit purporting to authorize the practice of a profession, shall be guilty of a class E felony” (emphasis added). Likewise, Education Law § 6512 (1) prohibits an unauthorized person from “aid[ing] or abet[ting] an unlicensed person to practice a profession.”

. The court in Lupinos (supra at 855) did note, however, that notwithstanding the dismissal of the accusatory instrument, the People could present the underlying felony to a grand jury.