OPINION OF THE COURT
Robert M. Mandelbaum, J.
Alleged to have offered to perform massages without being properly licensed, defendants each stand charged with a single count of attempted unauthorized practice of a profession. Although the People have partially corroborated the misdemeanor complaint by filing the supporting deposition of an undercover police officer — the recipient of defendant Myung Lee’s alleged tender of a massage — no records from the State Education Department have been submitted. This opinion serves to explain the basis for the court’s ruling that such records are necessary to convert the misdemeanor complaint to an information (see CPL 170.65 [1]).
Only persons licensed or authorized pursuant to the Education Law are permitted to practice the profession of massage therapy (see Education Law § 7802),[1] defined as “engaging in applying a scientific system of activity to the muscular structure of the human body by means of stroking, kneading, tapping and vibrating with the hands or vibrators for the purpose of improving muscle tone and circulation” (Education Law § 7801). Anyone not authorized to practice under title VIII of the Education Law
*919 “who practices or offers to practice or holds himself out as being able to practice in any profession in which a license is a prerequisite to the practice of the acts, or who practices any profession as an exempt person during the time when his professional license is suspended, revoked or annulled, or who aids or abets an unlicensed person to practice a profession, or who fraudulently sells, files, furnishes, obtains, or who attempts fraudulently to sell, file, furnish or obtain any diploma, license, record or permit purporting to authorize the practice of a profession, shall be guilty of a class E felony” (Education Law § 6512 [l]).[2]
In order to be sufficient on its face, an information must provide reasonable cause to believe that the defendant has committed the crime charged and contain nonhearsay allegations that, if true, establish every element of the crime and its commission by the defendant (see CPL 100.40 [1] [b], [c]). In other words, the information must contain factual allegations that would, if true, make out a prima facie case (see People v Alejandro, 70 NY2d 133, 137 [1987]; see also CPL 70.10 [1] [“legally sufficient evidence” defined as “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’]).
In the misdemeanor complaint filed in this case, the claimed recipients of defendants’ alleged offers of massage each aver that at the time of the defendant’s offer, she was not displaying a license issued by the Department of Education and could not produce one when asked. The failure to display a massage license is not a crime, however; the failure to be, in fact, licensed, is. Thus, the allegation that defendants failed to display a license is insufficient to make out a prima facie case of unauthorized practice. Instead, an allegation that the defendant was actually unlicensed is essential to that charge.
Inasmuch as the requirement that an information be supported by nonhearsay allegations can be established by evidentiary facts that would be admissible under an exception to the hearsay rule (see People v Casey, 95 NY2d 354, 361 [2000]), certified records from the Division of Professional Licensing Services of the State Education Department satisfying the founda *920 tional requirements of either the business-records exception (see CPLR 4518 [a], [c]), the public-records exception (see CPLR 4520), or the common-law public-documents exception (see Consolidated Midland Corp. v Columbia Pharmaceutical Corp., 42 AD2d 601 [2d Dept 1973]), if offered in support of the hearsay allegation that defendants were not licensed by the Education Department to practice massage therapy, would render the information facially sufficient with respect to that allegation. But such allegation, when made, as here, by a police officer, fails to satisfy the requirement that the element of lack of licensure be based on nonhearsay, since the officer, as an employee of the New York City Police Department, not the State Education Department, could not have personal knowledge of the defendant’s license status.
To be sure, in certain other areas of law, the Legislature has provided that a failure to display a license is presumptive evidence that the person is unlicensed. For example, an accusatory instrument alleging that a police officer observed the defendant operating a motor vehicle without a driver’s license (see Vehicle and Traffic Law § 509 [1]) needs no supporting deposition from the State Department of Motor Vehicles in order to satisfy the nonhearsay requirement, since the “[flailure by a licensee to exhibit a license valid for operation under [the Vehicle and Traffic Law] to any . . . police officer shall be presumptive evidence that he is not duly licensed” (Vehicle and Traffic Law § 507 [2]).[3] Moreover, when a person is accused of selling tangible personal property or services subject to sales and use tax without having obtained a required certificate of authority (see Tax Law § 1817 [d]), the mere failure to display or produce a certificate provides reasonable cause to believe that the charged merchant possesses no such certificate, since the law mandates that “[s]uch certificate of authority or duplicate shall be prominently displayed in the place of business of the registrant to which it applies” (Tax Law § 1134 [a] [2]; see also People v Vega, 186 Misc 2d 234, 237 [Crim Ct, Bronx County 2000]).
Similarly, under Administrative Code of the City of NY § 20-453, it is unlawful for any individual to act as a general vendor without having first obtained a license. Accordingly, when
*921 formerly faced with a facial-sufficiency challenge to a charge of unlicensed general vending evidenced by a failure to display a vendor license at the time of sale, courts had held that a supporting deposition from the New York City Department of Consumer Affairs was needed to satisfy the statutory requirement that the allegation that a defendant was unlicensed be based on nonhearsay (see People v Diouf, 153 Misc 2d 887, 891 [Crim Ct, NY County 1992] [“Defendant’s failure to display a license does not establish that the defendant was unlicensed in violation of Administrative Code § 20-453. There is no provision in the Administrative Code that provides that the failure to display a vendor’s license is presumptive proof that the defendant is, in fact, unlicensed” (citations omitted)]; People v Sylla, 154 Misc 2d 112, 117-118 [Crim Ct, NY County 1992]).
In response to these decisions, and, indeed, in order to eliminate the need for a supporting deposition from the Department of Consumer Affairs in cases charging unlicensed general vending, the New York City Council enacted Local Law No. 19 (1994) of the City of NY § 2, codified as Administrative Code of the City of NY § 20-474.3 (a), which provides that
“[i]n any civil or criminal action or proceeding, failure by a general vendor who is required to be licensed ... to exhibit upon demand a general vendor’s license ... to any police officer or authorized officer or employee of the [Department [of Consumer Affairs] or other city agency shall be presumptive evidence that such general vendor is not duly licensed” (see also Administrative Code of City of NY § 20-461 [a] [“Each general vendor shall carry his or her license on his or her person and it shall be exhibited upon demand to any police officer, authorized officer or employee of the (D)epartment (of Consumer Affairs) or other city agency”]).
But no such provision exists in the Education Law. Accordingly, a mere failure to display a massage license does not establish a prima facie case of attempted unauthorized practice, since such failure does not, under the statute, constitute presumptive evidence that a person is unlicensed. Supporting depositions from the State Education Department attesting to the defendants’ nonlicensure are therefore required to convert the instant misdemeanor complaint to an information.
Defendants maintain, however, that even the filing of properly certified supporting depositions from the Education Depart *922 ment could not save this accusatory instrument from facial insufficiency, since, they argue, attempted unauthorized practice of a profession is not a cognizable crime. Contrary to defendants’ contention, however, the crime of attempt is not limited to offenses arising under the Penal Law. Rather, a criminal attempt is committed when, “with intent to commit a crime, [a person] engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00). “Crime,” in turn, is defined as “a misdemeanor or a felony” (Penal Law § 10.00 [6]). That unauthorized practice of a profession is a felony under the Education Law, rather than under the Penal Law, is of no moment. An attempt to commit any misdemeanor or felony, wherever codified, falls within the express purview of Penal Law § 110.00.
Nor is attempted unauthorized practice a nonexistent crime. To be sure, “there cannot be an attempt to commit a crime which is itself a mere attempt to do an act or accomplish a result” (People v Lynn, 115 Misc 2d 76, 77 [App Term, 2d Dept 1982] [internal quotation marks and citations omitted] [no such crime as attempted jostling, since jostling criminalizes “the pickpocket who surreptitiously attempts to secure the personal property of his victim” and is therefore “in the nature of an attempt” (115 Misc 2d at 76-77)]). Thus, when a substantive crime includes within the scope of its proscription both an act and an attempt to commit the act, there can be no such charge as an attempt to commit that crime (see People v Howlett, 76 Misc 2d 801, 801 [App Term, 1st Dept 1973] [attempted resisting arrest is “a hypothetical charge”]; see also Penal Law § 205.30 [defining resisting arrest as “intentionally prevent(ing) or attempting) to prevent a police officer or peace officer from effecting an authorized arrest” (emphasis added)]). In other words, when a crime, as defined by the Legislature, is fully committed by a mere attempt to perform a prohibited act — as well as by the successful completion of that act, of course (see People v Jelke, 1 NY2d 321, 330 [1956] [if “the statutory definition of the essence of a crime is the attempt to do a certain act, the crime is committed regardless of whether or not the act is performed]) — a charge of an attempt to commit the crime constitutes a nonexistent offense (see People v Campbell, 72 NY2d 602, 605 [1988] [“An attempt exists as an integral offense having an identity separate from the crime which is being attempted”]).
Attempted unauthorized practice of a profession does not violate that rule. Under Education Law § 6512 (1), it is a crime *923 for an unlicensed person to “practice! ] or offer[ 3 to practice or hold[ ] himself out as being able to practice in any profession in which a license is a prerequisite to the practice of the acts.” Thus, by its terms, the statute does not proscribe an attempt to practice. And the Legislature has plainly demonstrated its ability to include within the definition of this substantive crime a mere attempt to commit a proscribed act, by providing in another clause of the statute that one “who fraudulently sells, files, furnishes, obtains, or who attempts fraudulently to sell, file, furnish or obtain any diploma, license, record or permit purporting to authorize the practice of a profession” is also guilty of unauthorized practice (Education Law § 6512 [1] [emphasis added]).
If each act proscribed by the statute were already meant to be so broad as to encompass an attempt to commit the act, the inclusion of the words “attempts fraudulently to sell, file, furnish or obtain” would be superfluous. But “[i]n the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give each a distinct and separate meaning” (Matter of Bliss v Bliss, 66 NY2d 382, 389 [1985] [internal quotation marks and citation omitted]). Thus, in accordance with the plain language of the statute, the substantive crime of unauthorized practice is completed when the defendant, among other things, practices, fraudulently sells, or attempts fraudulently to sell, but not when he or she attempts to practice.
Nor is an attempt to practice encompassed within the prohibition on offering to practice — also proscribed by Education Law § 6512 (1). An attempt to commit an act and an offer to commit it are not the same thing (cf. People v Mike, 92 NY2d 996, 998-999 [1998] [analyzing whether the evidence, which was legally insufficient to establish criminal sale of a controlled substance in the third degree premised on an alleged offer to sell, was nevertheless sufficient to make out attempted criminal sale]; People v Reap, 68 AD2d 964 [3d Dept 1979] [reinstating indictment charging attempted criminal sale of a controlled substance]; see also Penal Law § 220.00 [1] [“sell” a controlled substance means “to sell, exchange, give or dispose of to another, or to offer or agree to do the same” (emphasis added)]).
Thus, evidence of a declaration to a prospective customer by an unlicensed defendant that a massage could be had in exchange for money would plainly suffice to prove an offer and, *924 therefore, the completed crime of unauthorized practice. Indeed, even absent an express discussion of terms, an offer to perform massage therapy might be established by proof, for example, that the defendant set up a table and instructed the intended recipient to disrobe and lie down, but had not yet begun to “strok[e], knead[ ], tap[ ] [or] vibrat[e]” the muscles (Education Law § 7801). An attempt to practice the profession of massage, by contrast, might be shown by evidence that the defendant leased parlor space, purchased an inventory of oils and lotions, ordered from a signmaker a “Massages” placard for the front door, and took steps to place an advertisement for massage services in a newspaper. In that event, the defendant, without committing the completed crime, would have intentionally engaged in conduct that tended to effect its commission (see Penal Law § 110.00) and came “within dangerous proximity to the criminal end to be attained” (People v Warren, 66 NY2d 831, 832 [1985] [citations omitted]; see also People v Mahboubian, 74 NY2d 174, 190 [1989] [attempt must come “very near” or “dangerously near” to the accomplishment of the intended crime] [internal quotation marks and citations omitted]).
Accordingly, attempted unauthorized practice of the profession of massage is not a nonexistent or hypothetical crime. To the extent that People v Lupinos (176 Misc 2d 852 [Crim Ct, Richmond County 1998]), People v Ching Fong (186 Misc 2d 477 [Crim Ct, NY County 2000]), and People v Carrabotta (2 Misc 3d 685 [Crim Ct, Queens County 2003]) hold to the contrary, this court respectfully declines to follow them.

. Education Law § 7804 sets forth the requirements and qualifications for obtaining a license as a massage therapist, masseur or masseuse.

. Defendants have been charged, under Penal Law § 110.00 and Education Law § 6512 (1), with attempted unauthorized practice of a profession, which is a class A misdemeanor (see Penal Law § 110.05 [7] [classifying an attempt to commit a class E felony as a class A misdemeanor]).

. By contrast, when a defendant is charged with aggravated unlicensed operation of a motor vehicle (see Vehicle and Traffic Law § 511), requiring proof that the defendant was driving with a suspended license, a certified abstract of the defendant’s driving record is required to establish the fact of the suspension by nonhearsay allegations.