*662 OPINION OF THE COURT
Marc J. Whiten, J.
The defendant, Makeda Benjamin, is charged with one count of prostitution (Penal Law § 230.00), along with one count of attempted unauthorized practice of a profession (Penal Law § 110.00; Education Law § 6512 [1]) and has filed a motion seeking dismissal of the second count for facial insufficiency.
In order to be facially sufficient, an information must substantially conform to the formal requirements of CPL 100.15. Additionally, the factual portion and any accompanying depositions must provide reasonable cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).
The requirement of nonhearsay allegations has been described as a “much more demanding standard” than a showing of reasonable cause alone (People v Alejandro, 70 NY2d at 139, quoting 1968 Report of Temp Commn on Rev of Penal Law and Grim Code, Introductory Comments, at xviii); however, it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). Thus, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept 2005]). Finally, where the factual allegations contained in an information “give an accused sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004]; People v Jacoby, 304 NY 33, 38-40 [1952]; People v Knapp, 152 Misc 368, 370 [1934], affd 242 App Div 811 [1934]; People v Allen, 92 NY2d 378, 385 [1998]; People v Miles, 64 NY2d 731, 732-733 [1984]; People v Shea, 68 Misc 2d 271, 272 [1971]; People v Scott, 8 Misc 3d 428 [Crim Ct, NY County 2005]).
In this case, the information alleges that defendant exchanged several e-mails with an undercover officer whereby defendant *663 arranged to meet with the undercover officer at a specific time and location and provide a massage for $200. It is further alleged that when defendant met the deponent officer and was asked if she would perform sexual services, she answered in the affirmative and explained that the previously negotiated fee would cover the cost of same, whereupon she disrobed and danced in front of the deponent officer. Lastly, it is alleged that the defendant was not displaying a license to practice massage, and that she could not produce one when asked to do so.
Defendant argues that the complaint is facially insufficient because the factual allegations fail to provide nonhearsay factual allegations, which, if true, support every element of the crimes charged. Specifically, defendant argues that the accusatory instrument is facially insufficient because it is not accompanied by a deposition from the licensing authority, the New York State Department of Education, attesting to defendant’s lack of a license. Pursuant to Education Law § 7802, only persons who are licensed or authorized in accord with applicable law shall be permitted to practice massage. Education Law § 6512 (1) provides, in pertinent part, that a person is guilty of unauthorized practice of a profession, an E felony, when he or she “practices or offers to practice or holds himself out as being able to practice in any profession in which a license is a prerequisite to the practice of the acts.” Additionally, subdivision (c) of 8 NYCRR 59.8 (Regs of Commr of Dept of Educ, 8 NYCRR, ch II, subch B [“Regulation of Professions”]) states that “[registration certificates shall be conspicuously displayed by each licensee in each office in which the profession is practiced,” and that when practice occurs other than in individual offices, “each licensee shall have a current registration certificate available for inspection at all times.” Penal Law § 110.00 states that “[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.”
In support of her contention that the accusatory instrument fails to set forth nonhearsay factual allegations which, if true, establish that defendant was not licensed, defendant relies exclusively upon People v Pao Fun (16 Misc 3d 917 [Crim Ct, NY County 2007]), whereby two defendants’ motions to dismiss for facial insufficiency were granted. In Pao Fun, the court held that the absence of supporting depositions from the New York State Education Department attesting to the defendants’ unlicensed status was fatally defective to the information; the *664 supporting deposition from the undercover police officer, which alleged that licenses were not displayed and that defendants failed to produce a license when asked to do so, was found insufficient to establish the defendants’ lack of licensing.*
In the present case, however, the factual allegations include more than defendant’s offer to provide a massage along with the officer’s observation that a license was neither displayed nor provided upon request. Rather, the allegations include the officer’s firsthand observation that the defendant replied in the affirmative when the officer asked her if sexual intercourse was included in the services she would provide for the previously negotiated price, after which the defendant removed her own clothing and “began dancing for the informant.” This verbal exchange between the deponent officer and the defendant would be admissible as an admission against penal interest in regard to defendant’s prostitution charge (Penal Law § 230.00), and, when taken in conjunction with defendant disrobing and dancing, these factual allegations support the officer’s reasonable inference that defendant was not a licensed professional massage therapist or masseuse who was going to give him a very expensive massage, but was instead engaging in prostitution and the unauthorized practice of a profession.
Moreover, this court takes judicial notice of the requirements set forth in 8 NYCRR 59.8 (c) (see CPLR 4511 [a], [b]; see also People v Foster, 27 NY2d 47 [1970]) whereby all professionals whose practice is governed by title VIII of the Education Law must post a registration certificate and have a current registration certificate available for inspection at all times. In Foster, the Court found that evidence sufficient to convict defendant of driving in excess of the applicable speed limit included judicial notice, pursuant to CPLR 4511, of the relevant New York State Official Compilation of Codes, Rules and Regulations, which established that the speed limit in the area where defendant had been arrested was not exempt from the 50-mile-per-hour limit which the defendant was charged with violating.
*665 In light of this, it would seem that the law governing the professional practice of massage in New York State is akin to the law governing certificates of authority under the Tax Law, whereby
“the mere failure to display or produce a certificate provides reasonable cause to believe that the charged merchant possesses no such certificate, since the law mandates that ‘[s]uch certificate of authority or duplicate shall be prominently displayed in the place of business of the registrant to which it applies’ (Tax Law § 1134 [a] [2]; see also People v Vega, 186 Misc 2d 234, 237 [Crim Ct, Bronx County 2000])” (People v Pao Fun, 16 Misc 3d 917, 920 [2007]).
Furthermore, recent appellate authority confirms that when it is alleged that a defendant, charged with a violation of the Tax Law, neither displayed nor produced a certificate of authority (while exchanging a pack of cigarettes for cash while in possession of multiple packs without tax stamps affixed to them), the factual allegations “were sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant violated the enumerated Tax Law provisions” (People v Fofana, 15 Misc 3d 136[A], 2007 NY Slip Op 50807[U], *1 [App Term, 1st Dept 2007], lv denied 9 NY3d 865 [2007] [citations omitted; emphasis added]). Thus, in light of the similarly paired statutory provisions regarding professional licenses in this case— the Education Law, which requires a license, and the Regulations of the Commissioner, which require all licenses to be displayed or available for inspection — the present information would be facially sufficient even in the absence of allegations concerning defendant’s dancing and disrobing.
As in People v Casey (95 NY2d 354 [2000]), attaching additional nonhearsay allegations (in this case, a supporting deposition from the New York State Department of Education) may have been the far better practice, which “would have largely obviated defendant’s procedural challenge here” (id. at 359). However, as the Casey court emphasized, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (id. at 360 [citations omitted]).
*666 In this case, the factual allegations, along with the reasonable inferences that flow from them, accomplish these two goals and set forth a facially sufficient charge of attempted unauthorized practice of a profession.
Defendant’s request for a bill of particulars and her demand for discovery are granted to the extent indicated in the People’s response and voluntary disclosure form.

 The Pao Fun court also addressed similar lower court decisions which granted motions to dismiss on the grounds that attempted unauthorized practice of a profession is a nonexistent, hypothetical crime by finding that an attempt to engage in unauthorized practice of massage is encompassed by the language of Education Law § 6512 (1) (see People v Lupinos, 176 Misc 2d 852 [Crim Ct, Richmond County 1998]; People v Ching Fong, 186 Misc 2d 477 [Crim Ct, NY County 2000]; People v Carrabotta, 2 Misc 3d 685 [Crim Ct, Queens County 2003]). However, defendant herein does not raise this issue and this court declines to issue a ruling sua sponte.